**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **EMILY BRUNNER, individually and on** ) | |
| **behalf of all persons similarly situated,** ) | |
| **as Class/Collective representative,** ) | **Case No.:** 1:14-cv-5509 |
| ) | |
| **Plaintiff,** ) | **Hon. Judge:** |
| ) | |
| **v.** ) | **Magistrate Judge:** |
| ) | |
| **JIMMY JOHN'S ENTERPRISES, INC.,** ) | **Jury Trial Demanded On All Counts** |
| **and JS FORT GROUP, INC.** ) | |
| ) | |
| **Defendants.** ) | |

<u>**CLASS ACTION COMPLAINT**</u>

Plaintiff, EMILY BRUNNER (hereinafter referred to as "Plaintiff" or "Brunner"), individually and on behalf of all others similarly situated, by and through her undersigned counsel of record, upon personal knowledge as to those allegations in which she possesses such and upon information and belief as to all other matters, pursuant to the Fair Labor Standards Act, 29 U.S.C.A. §201 *et seq.*(hereinafter "FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, (hereinafter "IMWL" ), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*(hereinafter "IWPCA"), and other state wage laws, brings these causes of action against Defendants, JIMMY JOHN'S ENTERPRISES, INC. (hereinafter referred to as "JJ"), and JS FORT GROUP, INC. (hereinafter "JS")(herein collectively referred to as "Jimmy John's" or "Defendants"), and in so doing, states the following:

1

## I.   INTRODUCTION

1.     This is an individual, class and collective action brought to remedy widespread violations by Defendants, JJ & JS, which have deprived Plaintiff, a 2nd Assistant Store Manager (hereinafter "2nd ASM"), along with other similarly situated individuals, of wages and overtime compensation to which they are entitled. Defendants are the employer and/or joint employer and/or single employer of Plaintiff and thousands of other current and former 2nd ASMs that Defendants have misclassified as "exempt" under the FLSA and state wage laws in order to work them long hours and deny them overtime pay. Over 90% of 2nd ASMs' time is spent performing "non-exempt" work such as taking orders, checking out customers at the cash register, making sandwiches, baking bread, stocking, cleaning and a host of other manual labor tasks.

2.     Each of Defendants' restaurants also have Assistant Store Managers ("ASMs") and General Managers ("GMs"), whom Defendants have also classified as "exempt" under the FLSA/state wage laws, and to whom 2nd ASMs are subordinate.

3.     Defendants' willful, knowing and/or reckless action of intentionally misclassifying Plaintiff and other 2nd ASMs as "exempt" employees, therefore denying them of wages and overtime compensation, is in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*(the "FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. (the "IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq. (the "IWPCA") and the statutory laws of other States, including Alabama, Arizona, California, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Iowa, Indiana, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina,

Tennessee, Texas, Vermont, Virginia, West Virginia, and Wisconsin (hereinafter referred to as "other state wage laws").

4.     Under the FLSA, the IMWL and other state wage laws, there is a general rule that employees must be compensated at a rate of one and a half (1 ½) times their regular rate of pay for all hours worked in excess forty (40) hours a week. 29 U.S.C. §207; and 820 ILCS 105/4a. Despite these statutory requirements, Defendants require thousands of its 2nd ASMs to work without any overtime pay whatsoever, when in fact their duties do not qualify them for exempt status.

5.     Plaintiff, Emily Brunner, brings her FLSA claim on behalf of herself and all other similarly situated current and former 2nd ASM employees of Defendants, as a collective action pursuant to 29 U.S.C.A. § 216(b).

6.     Plaintiff brings her supplemental claims under the IMWL, IWPCA and other States' wage laws on behalf of herself, individually, and a class of all other similarly situated former and current 2nd ASM employees of Defendants, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.     For at least ten (10) years prior to the filing of this complaint, Defendant has willfully committed widespread violations of the FLSA, IMWL, IWPCA and other States' wage laws by misclassifying 2nd ASMs as exempt and refusing and/or failing to pay such employees for overtime hours worked in excess of forty (40) hours per week at a rate of one-and-one-half times their regular rate of pay and to pay them all wages in a timely manner.

8.     Defendant's acts violate federal and state wage laws, affecting thousands of its current and former 2nd ASM employees. Accordingly, Plaintiff, on behalf of herself, and all others similarly situated,  brings this action seeking equitable and declaratory relief, as well as

nominal, compensatory, liquidated and punitive damages at law and other incidental monetary and non-monetary remedies necessary to make Plaintiff and others similarly situated whole, as well as reasonable attorneys' fees and costs.

## II.      JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 and 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because the action involves a federal statute, 29 U.S.C. §216(b). Plaintiff does not bring any claims pursuant to or under a collective bargaining agreement.

10.      The Court is authorized to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

11.      Upon information and belief, the amount in controversy in this matter exceeds the sum or value of five million dollars ($5,000,000.00), exclusive of interest and costs.

12.      Upon information and belief, at least one member of the Rule 23 Class and/or collective is a citizen of a state different than that of Defendants.

13.      Venue is proper in the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391. Defendants do business in the Northern District of Illinois, Eastern Division, and Plaintiff is a resident of the Northern District of Illinois, Eastern Division. Defendants are subject to personal jurisdiction in the State of Illinois for the purpose of this lawsuit as both Defendants are domiciled in Illinois.

### III.    PARTIES

14.    The representative Plaintiff, Emily Brunner, resides in Brookfield, Illinois and works at Jimmy John's in Downers Grove, Illinois.  A written consent form for Plaintiff, Emily Brunner, is attached to this Complaint as *Exhibit A*.

15.    Defendant, JIMMY JOHN'S ENTERPRISES, INC., is a domestic corporation, incorporated in the State of Illinois, and authorized to do business in the State of Illinois. Defendant JJ serves customers nationwide, directly and through various franchisees, divisions, subsidiaries and affiliates, however constituted.

16.    Defendant JJ is a privately owned fast food restaurant giant, specializing in the sale of sub sandwiches. JJ owns and franchises Jimmy John's fast food restaurants, while JJ exercises significant managerial control over all of the Jimmy John's restaurants nationwide, including creating, mandating and implementing the policies and practices that created the systematic wage theft alleged herein. Currently, there are more than 1,900 Jimmy John's fast food restaurants, operating in 43 states across the nation.

17.    Defendant JJ's policies, including its management policies, human resources policies and wage and hour policies, are determined by corporate headquarters and apply uniformly to all Jimmy John's  restaurants, whether or not they are wholly owned by JJ or subject to a franchise agreement. These policies are disseminated through JJ's hierarchical chain of command. The policies and practices that have caused the misclassification of 2nd ASMs and the denial of overtime wages are managerial policies and practices created, implemented and mandated by Defendant JJ. As such, Defendant JJ exercises significant control over the management of all Jimmy John's restaurants.

18.     Defendant, JS FORT GROUP, INC. ("JS"), is a domestic corporation, incorporated in the State of Illinois, and authorized to do business in the State of Illinois. Defendant JS is a franchisee of JJ and a joint and/or single employer of Plaintiff and other similarly situated class/collective members with Defendant JJ.

### IV.     CLASS AND COLLECTIVE ACTION ALLEGATIONS

### A.     THE IMWL AND OTHER STATE WAGE LAWS CLASS

19.     Plaintiff brings claims under the IMWL, IWPCA and other state wage laws as an individual and as a class action pursuant to Federal Rules of Civil Procedure Rule 23. Under Rule 23 the Class is defined as:

> "all individuals who are currently or were formerly employed by Defendants as salaried 2nd ASMs, and who have not been paid all wages owed to them, including but not limited to wages and overtime compensation, at any time from ten (10) years prior to the date of commencement of this action through the date of judgment in this action" (the "Class" and "Class Period," respectively).

Excluded from the Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in Defendants; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper request for exclusion from the Class.

20.     **Numerosity:** The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendant.  Upon information and belief, there are thousands of members of the Class. Upon information and belief, Defendants currently own, operate, franchise and

exercise strict and significant control of more than 1900 Jimmy John's locations across the nation. Upon information and belief, there is at least one current 2nd ASM at each of these locations.

21.     **Commonality:** There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to this Class predominate over any question solely affecting individual members of the Class, including, but are not limited to:

a.      Whether Defendants employed Plaintiff and members of the Class or were joint or single employers, within the meaning of the IMWL, IWPCA and/or other state wage laws;

b.      Whether Defendant JJ created and requires the various job positions for all Jimmy John's;

c.      Whether Defendant JJ created, implements, or mandates the pay grades and job classifications as "exempt" or "non-exempt";

d.      Whether 2nd ASMs are similarly situated;

e.      Whether Defendant JJ exercises significant control over all franchises with regard to the operations and management of the restaurants overall and with regard to the policy of misclassifying 2nd ASMs as "exempt";

f.      Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

g.      Whether Plaintiff and members of the Class are non-exempt employees of Defendants;

7

h.      Whether Plaintiff and members of the Class were misclassified as "exempt" from the overtime provisions of the IMWL and/or other state wage laws;

i.      Whether Defendant engaged in a continuing policy, pattern or practice of misclassifying 2nd ASMs, including Plaintiff and members of the Class, as "exempt" employees;

j.      Whether Defendants engaged in such a continuing policy, pattern or practice to allow Defendants to require 2nd ASMs to perform work in excess of forty (40) hours per week without compensating them at one and a half (1 ½) times the regular rate of pay for all work performed in excess of forty (40) hours;

k.      Whether Defendants knew or should have known that it erroneously classified 2nd ASMs as "exempt";

l.      Whether Defendants intentionally, willfully and/or knowingly failed to pay Plaintiff and Class members as "non-exempt" employees;

m.      Whether Defendants violated the IMWL, IWPCA and other state wage laws by refusing and/or failing to pay Plaintiff and members of the Class wages and overtime compensation;

n.      Whether Defendants' policy, pattern or practice of misclassifying 2nd ASMs as exempt from receiving overtime compensation was done willfully and/or with reckless disregard; and

o.      Whether Defendants failed to pay employees for all hours worked in compliance with the IMWL and IWPCA.

8

22.     **Typicality:** The claims of Plaintiff are typical of the Class.

23.     **Adequacy:** Plaintiff will fairly and adequately represent the interests of the Class.

24.     **Superiority:** A class action is superior to other available methods for their fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individual employees/plaintiffs either lack the financial resources or cannot justify the commitment of the large financial resources necessary to vigorously prosecute separate lawsuits in Federal court and/or State court against large corporate defendants.

25.     Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

### B.     THE FLSA COLLECTIVE

26.     Plaintiff brings his FLSA claims, pursuant to Section 16(b) of the FLSA. 29 U.S.C. §216(b).  Under Section 16(b) FLSA violation claims are brought and maintained as an "opt-in" Collective Action. *Id.*  Under Section 16(b), the FLSA Collective is defined as:

> "all individuals who are currently or were former employed by Defendants as salaried 2nd ASMs, and who have not been paid all wages owed to them, including but not limited to wages and overtime compensation, at any time from three (3) years prior to the date of commencement of this action through the date of judgment in this action" (the "FLSA Collective" and "FLSA Collective Period," respectively).

Excluded from the FLSA Collective are all employees and 2nd ASMs of Defendants who do not opt-in and Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the FLSA Collective period has had, a controlling interest in Defendants and the Judge to whom this case is assigned and any member of the Judge's immediate family.

27.     Defendants have deliberately, willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as described above, by misclassifying 2nd ASM employees as "exempt", thereby failing and/or refusing to properly pay Plaintiff and other similarly situated 2nd ASMs wages and overtime compensation in accordance with §§ 206 and 207 of the FLSA. Defendants knew or should have known that said 2nd ASMs were not exempt employees under the FLSA. Because Defendants willfully violated the FLSA by misclassifying Plaintiff, and all other similarly situated 2nd ASMs, as exempt employees, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

28.     Plaintiff and all other similarly situated 2nd ASMs are similarly situated in that they all are or were subject to Defendants' common policy, plan or practice of designating them as exempt from the overtime requirements of the FLSA, when in fact their work and job duties as required and defined by Defendants do not qualify them to be exempt.

29.     Defendants are liable for improperly compensating Plaintiff and members of the FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are thousands of similarly situated current and former 2nd ASMs of Defendants who have been misclassified as exempt and denied the overtime premium in violation of the FLSA. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## V. FACTS

### A. Background and Business Model of Defendants

30.     Plaintiff, Emily Brunner, has worked for Defendants at its Downers Grove, Illinois location (2321 Ogden Avenue), since November 2013. Plaintiff has held the positions of driver, in-shop, person in charge and currently, 2nd ASM.

31.     In all of Defendants' fast food restaurant locations, the following job titles/classifications exist, pursuant to the management policies, mandates and directives of Defendant JJ: (1) driver; (2) in-shop; (3) person-in-charge; (4) 2nd ASM; (5) Assistant Store Manager - ASM; and (6) General Manager – GM.

32.     At the direction of and pursuant to the policies of JJ, Defendants' GMs are classified as "exempt" employees under the FLSA/state wage laws and are paid a salary. GMs are expected to work long hours, typically 55 or more hours per week, in-restaurant. GMs have the primary managerial and supervisory responsibilities, such as hiring, firing, disciplining, setting the schedules, overseeing budgets, ordering, managing and directing employees, reporting, accounting, budgeting and other managerial/supervisory duties.

33.     At the direction of and pursuant to the policies of JJ, Defendants' ASMs are classified as "exempt" employees under the FLSA/state wage laws and are paid a salary. ASM have limited managerial/supervisory duties as compared to GMs, but more than the 2nd ASMs. ASMs are also salaried and expected to work long hours, typically 55 or more per week, in-restaurant.

34.     At the direction of and pursuant to the policies of JJ, Defendants' 2nd ASMs are classified as "exempt" employees under the FLSA/state wage laws and are paid a salary. 2nd ASMs are expected to work long hours, typically 55 or more hours a week, in-restaurant. 2nd

11

ASMs have almost no managerial/supervisory duties and spend more than 90% of their time performing the same exact duties as the hourly employees, including, but not limited to, making sandwiches, baking bread, taking orders and checking out customers the register, stocking and cleaning, amongst others.

35.     The overwhelming majority of the time, 2nd ASMs are working simultaneously with an ASM or a GM in-shop, each of whom have the primary managerial/supervisory duties and direct the work of all other employees. In the rare event that a 2nd ASM is in the restaurant without either an ASM or a GM, the 2nd ASM still performs the same work as the hourly employees and the hourly employees have already been told and trained on what to do by the ASMs and GMs. There is little to no variation in the routine duties of the hourly employees and they are directed by the GMs, and with less frequency, the ASMs.

36.     Plaintiff is expected to work at least fifty (50) hours per week without being paid wages or overtime for any hours she worked in excess of forty (40) hours. Plaintiff routinely works about 55 hours per week and is never paid wages or overtime compensation for any hours she works in excess of forty (40) hours.

37.     During the relevant period of time, Defendants employed thousands of salaried 2nd ASM employees around the country with job duties and descriptions that are, for all intents and purposes, identical to Plaintiff's. Plaintiff and other similarly situated 2nd ASMs report directly to ASMs and GMs, in who resides the real management/administrative authority of the small, uniform, fast food restaurants.

38.     Defendant JJ exercises significant managerial control over all Jimmy John's restaurants, both wholly owned and franchise restaurants. Defendants have operating and management policies and procedures that apply uniformly to all restaurants nationwide. No

matter the size of the restaurant or the location, every detail of how the restaurant is managed and run is uniformly fixed, mandated and controlled by Defendants through JJ's policies, directives and mandated procedures. Defendant JJ manages all Jimmy John's restaurants and makes routine on-site visits to all Jimmy John's restaurants, both wholly owned and franchises, to make sure that all policies and procedures as set forth by, established by and mandated by Defendant JJ, are being implemented and followed.

39.     Defendant JJ created and mandates all of the job classifications for all of the Jimmy John's restaurants in an effort to maintain management control and continuity amongst its brand and company. Defendant JJ created and mandates the positions of driver, in-shop, person in charge, 2nd ASM, Assistant Store Manager and General Manager. Franchisees are not free to change the job positions or FLSA/state wage law classifications that Defendant JJ created and mandates.

40.     Defendant JJ exercises significant control over the management of all Jimmy John's restaurants through mandated policies, including the job positions, duties, chain of command and FLSA/state wage law classifications of job positions, for every Jimmy John's, and which have directly caused the wage violations at issue.

41.     All 2nd ASMs nationwide are classified as "exempt" pursuant to Defendant JJ's management policy and mandate.

42.     All 2nd ASMs nationwide have the same job description and perform the same duties pursuant to Defendant JJ's management policies.

43.     The management policy and mandate of classifying 2nd ASMs as "exempt" salaried employees, as created and mandated by Defendant JJ and as implemented by both

Defendants, is the management policy which directly violates the FLSA and state wage laws and the policy which has damaged the class/collective.

44.     While Plaintiff and other 2nd ASM employees have been given the title of 2nd ASM, in fact, based on their duties, their real and primary function is to perform non-exempt duties and tasks, including such tasks as making sandwiches, baking bread, checking out customers at the cash register, cleaning and stocking.

### B.     2nd ASMs Are Not Exempt under the FLSA, IMWL or Other State Wage Laws

45.     At all times herein set forth, Plaintiff and members of the Class and FLSA Collective are "employees" of Defendants within the definition of the FLSA, 29 U.S.C.A. §203(e), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS 115/2 and other state wage laws.

46.     At all times herein set forth, Defendants, each are an "employer" within the definition of the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS 115/2 and 820 ILCS 115/13, and other state wage laws.

47.     The FLSA, IMWL and other state wage laws have certain exemptions from their overtime requirement including exemptions for bona fide executive or administrative employees. 29 U.S.C. §213(a)(1); 820 ILCS 105/4a(2)(E).  Defendants' 2nd ASMs do not qualify as bona fide executives or administrative employees under the FLSA, IMWL and/or other state wage laws. *Id*.

48.     To establish an employee is a bona fide executive employee and exempt from being paid overtime compensation under the FLSA, IMWL and other state wage laws, an employer must show: (1) the employee is compensated on a salary basis at a rate of not less than $455 per week; (2) the employee's *primary* duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision; (3) the

14

employee *customarily and regularly* directs the work of two or more other employees; and (4) the employee has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. 29 C.F.R. § 541.100(1)(2006).

49.     To establish an employee is a bona fide administrative employee and exempt from being paid overtime compensation under the FLSA, IMWL and other state wage laws, an employer must show: (1) that the employee's primary duty is the performance of work directly related to the management or general business operations of the employer or the employer's customers (29 C.F.R. Section 541.201(a)), and (2)) that the employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance (29 C.F.R. Section 541.202(a)).

50.     Neither Plaintiff, nor any other 2nd ASMs qualifies as either an executive or administrator under the exemptions set forth in the Code of Federal Regulations, FLSA, IMWL, IWPCA, other state wage laws.

51.     The frequency and time spent on "exempt" duties and the primary duties done by Plaintiff and all other 2nd ASMs do not qualify them as exempt from receiving overtime compensation as management, an executive or under any other exemption.    Therefore Defendants are not entitled to classify Plaintiff or any other 2nd ASM as "exempt" and is required to pay them overtime compensation.

### C.     *Time Spent On Exempt v. Non-Exempt Tasks*

52.     2nd ASMs spend the majority of their time on tasks that qualify them as "non-exempt" employees, rather than "exempt" employees.    Plaintiff and other 2nd ASMs' primary duties are not managerial or administrative in nature.    Plaintiff and other 2nd ASMs customarily

and regularly spend more than 90% of their time performing non-exempt duties, including but not limited to the following enumerated duties:

        a.      Taking orders;

        b.      Checking out customers at the register;

        c.      Making sandwiches;

        d.      Slicing meat;

        e.      Baking bread;

        f.      Bagging orders;

        g.      Open/close restaurant;

        h.      Answer telephone calls;

        i.      Identify and react to in-restaurant repairs;

        j.      Stocking;

        k.      Cleaning; and

        l.      Maintenance of restaurant: facing/adjusting merchandise to face front of shelf, dusting, vacuuming, window cleaning, cleaning restrooms, fixtures, restaurant exterior, sweeping lot of trash, etc.

53. While Plaintiff and other 2nd ASMs duties may slightly vary insignificantly based on the location they work, the duties are substantially similar. Moreover, regardless of the location Plaintiff and other 2nd ASMs, they all spend more than 90% of their time performing non-exempt duties, as alleged herein.

54. Plaintiff and other 2nd ASMs' primary duties are composed of "non-exempt" duties which are more important to Defendant's business model than the few arguably "exempt" duties that they occasionally do.

55. Few if any of the duties of 2nd ASMs qualify as management or administrative duties under Federal and State law because they do not relate to the management of general business operations. More than 90% of the time, 2nd ASMs perform duties consisting of carrying

16

out the day-to-day affairs of the restaurant and do not require the exercise of discretion and/or independent judgment on matters of significance.

56.     The few arguably "exempt" tasks 2nd ASMs may occasionally do are strictly controlled, outlined and pre-arranged as to how they are to be executed by Defendants and are closely scrutinized and supervised by ASMs, GMs, Area Managers and corporate level employees of both JJ and JS, to ensure compliance.  2nd ASMs are not allowed to perform any "administrative" or "executive" tasks outside of the strict limitations and confines set forth by Defendants and/or GM or ASM supervision.

57.     Many of the job duties assigned to 2nd ASMs are also assigned to hourly employees.

58.     Defendants intentionally and knowingly use 2nd ASMs to perform significant amounts of manual labor and other non-exempt functions, in order to limit the payroll budget of restaurants and to make more profit, by increasing the profitability of the restaurants and franchises. It is key to Defendants' business model that 2nd ASMs perform non-exempt tasks and duties, without receiving wages and/or overtime compensation for hours worked in excess of forty (40) per week.

59.     Defendants' violations are and continue to be willful and intentional in that they have known all along what federal and state wage laws require and that the primary duties and tasks of its salaried 2nd ASMSs are such that they are not exempt from being paid overtime.

60.     As a result of Defendants' willful violations of the FLSA, IMWL, IWPCA and other state wage laws, Plaintiff and all other similarly situated 2nd ASMs have suffered damages in that they have not received proper wages and overtime compensation in accordance the FLSA, IMWL, IWPCA and other state wage laws.

17

## LEGAL CLAIMS

## COUNT ONE

## VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §201 *ET SEQ*.
## PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF THE FLSA COLLECTIVE

61.     Plaintiff, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

62.     At all relevant times, Plaintiff and members of the FLSA Collective, were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

63.     At all relevant times, Defendants are an employer engaged in commerce and/or the production of goods for commerce within the meaning of the FLSA in 29 U.S.C. §§203(d), 206(a) and 207(a).

64.     At all relevant times, Plaintiff and members of the FLSA Collective are employees within the meaning of the FLSA in 29 U.S.C. §203(e) and 207(a).

65.     At all times relevant, Defendants employed Plaintiff and members of the FLSA Collective as an employer and/or joint employer and/or single employer.

66.     Defendants engaged in a widespread pattern, policy and practice of violating the FLSA, as detailed in this Class Action Complaint.

67.     Defendants failed to keep accurate records of time worked by Plaintiff and members of the FLSA Collective.

68.     Defendants did not make a good faith effort to comply with the FLSA in respect to compensating Plaintiff and members of the FLSA Collective.

69. Defendants' violations of the FLSA, as described in this Class Action Complaint, have and continue to be willful and intentional, thus applying a three (3) year statute of limitations to Defendant's violations, pursuant to 29 U.S.C. §255.

70. As a result of Defendants' willful and knowing violations of the FLSA, Plaintiff and members of the FLSA Collective, who opt into this litigation, are entitled to recover wages and overtime to be determined at trial, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation under the FLSA, 29 U.S.C. §§201 *et seq*.

## COUNT TWO

## ILLINOIS AND OTHER STATE WAGE LAWS

71. Plaintiff, individually and on behalf of the Class, re-alleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

72. Illinois and other states have similar wage laws that require the payment of wages and overtime compensation.

73. At all times herein set forth, Plaintiff is an "employee" within the definition of Illinois and other state wage laws. 820 ILCS 105/3(c); 820 ILCS 115/2.

74. At all times herein set forth, Defendants are an "employer" within the definition of Illinois and other state wage laws. 820 ILCS 105/3(c); 820 ILCS 115/13.

75. Illinois and other state wage laws require an employer, such as Defendants, to compensate employees for all hours worked.

76. Illinois and other state wage laws require an employer, such as Defendants, to compensate employees for all hours worked in excess of forty (40) hours per week, at a rate of one and a half times the employee's regular rate of pay, unless the employee is classified as exempt from receiving overtime compensation.

77.     During the Class Period, Plaintiff and members of the Class did not fall under any of the exemptions provided by Illinois and/or other state wage laws. 820 ILCS 105/1 *et seq.*; 820 ILCS 115/1 *et seq.*

78.     Defendants willfully, intentionally and/or knowingly improperly classified Plaintiff and members of the Class as "exempt" employees.

79.     Plaintiff and members of the Class regularly worked in excess of forty (40) hours per week without receiving compensation for those hours, in violation of the IMWL.

80.     Defendants' failure to comply with the IMWL was reckless and/or willful.

81.     Based on the foregoing, Plaintiff and members of the class are entitled to recover all unpaid wages and overtime compensation, prejudgment interest, punitive damages, attorneys' fees and costs pursuant to §12(a) of the IMWL. 820 ILCS 105/12.

**COUNT THREE**

**<u>ILLINOIS WAGE PAYMENT AND COLLECTION ACT</u>**

82.     Plaintiff, individually and on behalf of the Class, re-alleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

83.     The IWPCA requires an employer, such as Defendants, to compensate employees for all hours worked. 820 ILCS 115/1 *et seq.*

84.     Defendant failed to keep accurate records of time worked by Plaintiff and members of the Class.

85.     Defendants did not make a good faith effort to comply with the IWPCA in respect to compensating Plaintiff and members of the Class for the hours worked and/or overtime compensation.

86.     Defendants intentionally and willfully failed and/or refused to pay Plaintiff and members of the Class wages and overtime compensation by violating the FLSA, IMWL and IWPCA, including but not limited to improperly misclassifying Plaintiff and 2nd ASMs as "exempt" employees in order to avoid paying them overtime compensation, at a rate of one and a half times the employee's regular rate of pay, for all work performed in excess of forty (40) hours per week and by not paying 2nd ASMs all money due and owing in a timely manner.

87.     Defendants' failure to comply with the IWPCA was reckless and/or willful.

88.     Based on the foregoing, Plaintiff and members of the class are entitled to recover all unpaid wages and overtime compensation, prejudgment interest, statutory penalties, attorneys' fees and costs and all other available remedies pursuant the IWPCA. 820 ILCS 115/1 *et seq*.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons respectfully requests the following relief:

A.     Unpaid wages and overtime compensation under the FLSA, IMWL, IWPCA and other state wage laws;

B.     An additional and equal amount as liquidated and/or punitive damages under the FLSA, IMWL, IWPCA and other state wage laws;

C.     An order directing Defendants to supply the names, all known addresses and phone numbers of the similarly situated 2nd ASMs to Plaintiff's counsel so that Plaintiff may be allowed to send out notice of the Class Action and FLSA Collective Action, or that the Court issue such notice, to all persons who are presently, or have at any time during the past 10 years

21

immediately preceding the filing of this suite, been employed by Defendants as a 2nd ASM.  Such notice shall inform them of that this civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied wages;

D.      Pre-judgment and post-judgment interest, as provided by law;

E.      Attorneys' fees and costs under the FLSA, IMWL, IWPCA and other state wage laws;

F.      Appropriate equitable and injunctive relief including an order directing Defendants to discontinue its practice of denying 2nd ASMs overtime pay; and

G.      Such other relief as in law or equity may pertain.

### JURY DEMAND

Plaintiff demands a trial by jury by all issues so triable.

Dated: <u>July 18, 2014</u>                                   Respectfully submitted,

FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC


<u>/s/Robert M. Foote</u>
Robert M. Foote, Esq. (#03124325)
Kathleen C. Chavez, Esq. (#06255735)
Matthew J. Herman, Esq. (#06237297)
Peter L. Currie, Esq. (#06281711)
FOOTE, MEILKE, CHAVEZ & O'NEIL, LLC
10 West State Street
Suite 200
Geneva, IL 60134
Telephone: (630) 232-7450
Facsimile:  (630) 232-7452

## VERIFICATION

I, **EMILY BRUNNER,** being first duly sworn under oath hereby state that I am the Plaintiff in this action, that I have read the foregoing Complaint, and that the allegations contained herein are true and accurate to the best of my knowledge and belief.

Respectfully submitted,

**EMILY BRUNNER**

Subscribed and Sworn to before me
this _18_ day of _July_____, 2014.

Notary Public

"OFFICIAL SEAL"
LIZETH ESQUIVEL
Notary Public, State of Illinois
My Commission Expires 04/26/15

1