**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EMILY BRUNNER and CAITLIN TUROWSKI, individually and on behalf of all persons similarly situated, as Class/Collective representatives, | Case No. 1:14-cv-05509 |
| | Honorable Charles P. Kocoras |
| Plaintiffs, | Magistrate Judge Jeffrey Cole |
| v. | |
| JIMMY JOHN LIAUTAUD, JIMMY JOHN'S, LLC, JIMMY JOHN'S ENTERPRISES, LLC, JS FORT GROUP, INC., JJ SEVERSON AFFILIATES FIVE, INC., JJ SEVERSON AFFILIATES, INC., JIMMY JOHN'S FRANCHSE, LLC, JEFFREY S. FORT, TODD SEVERSON, and BROOKE SEVERSON, | |
| Defendants. | |

**DEFENDANTS JS FORT GROUP, INC.,
JEFFREY S. FORT, JJ SEVERSON AFFILIATES, INC., JJ SEVERSON
AFFILIATES FIVE, INC., TODD SEVERSON, AND BROOKE
SEVERSON'S MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' FIRST
AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Matthew S. Disbrow
Gregory Andrews
Jeffrey Rudd

JACKSON LEWIS P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949

2000 Town Center, Suite 1650
Southfield, Michigan 48075
Telephone: (248) 936-1900

*Attorneys for Franchisee Defendants*                              Dated: November 21, 2014

Defendants JS Fort Group Inc. ("JS Fort") and Jeffrey S. Fort ("Fort") (the "Fort Defendants") and Defendants JJ Severson Affiliates Five, Inc. ("JJSA5"), JJ Severson Affiliates, Inc.("JJSA"), Todd Severson, and Brooke Severson (the "Severson Defendants") (collectively the "Franchisee Defendants"), by their attorneys, Jackson Lewis P.C., move the Court to dismiss Counts III through VI of Plaintiffs' First Amended Class Action Complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). The Franchisee Defendants rely upon the following Memorandum of Law in Support of Their Motion for Partial Dismissal of Plaintiffs' First Amended Class Action Complaint Pursuant to Rule 12(b)(6).[1]

## I. INTRODUCTION

This case concerns garden variety misclassification and other wage claims asserted by two unassociated plaintiffs, Emily Brunner ("Brunner") and Caitlin Turowski ("Turowski") (collectively "Plaintiffs"). Turowski is a former assistant manager of a franchise Jimmy John's Gourmet Sandwiches Shop ("Jimmy John's") located in Libertyville, Illinois that is operated by JJSA. Brunner works as a second assistant manager at a Jimmy John's franchise restaurant operated by JS Fort in Downers Grove, Illinois. JS Fort and JJSA are totally unassociated with each other. Among other things, they have separate owners and managers, operate different restaurants, and have different hiring and employment practices.

Nonetheless, Plaintiffs filed an 80-page, 296-paragraph Complaint seeking to conflate their separate and individualized claims into a nationwide class action (with "80,000" class members). In particular, Plaintiffs' Complaint includes the following separate causes of action:

---

[1] Because the Federal Rules of Civil Procedure contemplate the filing of a single answer, not separate answers to separate counts of the complaint, the Franchisee Defendants have not filed an answer to the claims contained within the Complaint that are not subject to the motion to dismiss. *See Perkins v. Univ. of Ill.*, 1995 U.S. Dist. LEXIS 17025, **1-3 (N.D. Ill. 1995) (holding that Defendant "violated the requirement that a defendant file a single answer to a complaint," where Defendant filed a Motion to Dismiss contemporaneously with an answer to the remaining claim). All case law cited herein that is only published on electronic databases is attached as Exhibit A.

1

- **Count I:** Asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), against Jimmy John Liautaud, Jimmy John's LLC, Jimmy John's Enterprises, LLC, and Jimmy John's Franchise, LLC (collectively the "**Franchisor Defendants**") only;

- **Count II:** Asserts claims under the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq., (the "IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq.(the "IWPCA") and "other state wage laws" against the **Franchisor Defendants** only.[2]

- **Count III:** Asserts FLSA claims, by **Brunner** only, against the **Fort Defendants** only.

- **Count VI:** Asserts IMWL and IWPCA claims, by **Brunner** only, against the **Fort Defendants** only;

- **Count V:** Asserts FLSA claims, by **Turowski** only, against the **Severson Defendants** only;

- **Count VI:** Asserts IMWL and IWPCA claims, by **Turowski** only, against the **Severson Defendants** only; and

- **Count VII:** Asserts claims for declaratory and injunctive relief against all of the defendants related to certain unidentified noncompetition agreements. However, Plaintiffs fail to establish that any such agreements are in dispute.[3]

The structure of Plaintiffs' Complaint makes clear that this lawsuit consists of at least three (3) distinct cases: one case against the Franchisor Defendants; one case against the Fort Defendants; and one case against the Severson Defendants. This case is not maintainable as a single, nationwide class action and is not appropriate for class- or collective-action adjudication.

Furthermore, in their haste to pursue a large nationwide class action (and thread together a patchwork of allegations intended to support their baseless joint-employer theories), Plaintiffs

---

[2] Such a cause of action (which purports to assert claims under the laws of at least 35 states and the District of Columbia) is not maintainable in this or any other action.

[3] Count VII is the only cause of action alleged by both Plaintiffs against all of the defendants. Count VII violates Article III of the Constitution and is otherwise legally deficient and cannot be maintained in this case. As the issues regarding Count VII predominately arise under a Rule 12(b)(1) analysis, however, they are the subject of a separate motion to dismiss, which the Franchisee Defendants filed contemporaneously with this motion.

fail to set forth sufficient factual allegations to state valid FLSA or Illinois state law claims for which relief could be granted. Accordingly, pursuant to the pleading standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, Counts III through VI of the Complaint must be dismissed under Rule 12(b)(6).

More specifically, in this motion, the Franchisee Defendants seek to dismiss Counts III and V of the Complaint to the extent Plaintiffs claim they were misclassified as exempt employees and are entitled to overtime under the FLSA. Among other things, Plaintiffs: (i) fail to allege any ***particular workweek*** where they worked in excess of 40 hours; (ii) fail to plead sufficient facts indicating that they did not receive appropriate compensation under the FLSA; and (iii) include other factual allegations that actually support the their exempt classifications. For the same reasons, the Franchisee Defendants seek to dismiss Counts IV and VI to the extent Plaintiffs purport to state a claim that they were misclassified as exempt and are entitled to overtime under the IMWL.

The Franchisee Defendants also seek to dismiss Counts IV and VI to the extent they raise claims under the IWPCA. Plaintiffs must plead that wages are owed to them pursuant to an "employment contract or agreement" to state a valid claim under the IWPCA. Yet, the Complaint is devoid of any allegations regarding such a contract or agreement. Consequently, Plaintiffs fail to plead an essential element of an IWPCA claim and such claims must be dismissed. Indeed, courts routinely reject such improper attempts to extend the statute of limitations for minimum wage and overtime claims from two to three years to ten years under the IWPCA.

## II. STATEMENT OF PERTINENT FACTS

### A. The Fort Defendants and Brunner.

JS Fort is an Illinois corporation engaged in business in Illinois. (Complaint, ¶ 40). JS Fort operates Jimmy John's brand restaurants under franchise agreements with Jimmy John's Franchise, LLC. *Id.*, at ¶ 40. Fort is a shareholder in and the President of JS Fort. *Id.* at ¶41.[4] In November 2013, Brunner began working at a franchise restaurant operated by JS Fort Group in Downers Grove. *Id.*, at ¶ 73. Brunner continues to work at that location. *Id.* Brunner never worked at any restaurant affiliated with the Severson Defendants.

### B. The Severson Defendants and Turowski.

JJSA is an Illinois corporation engaged in business in Illinois. *Id.*, ¶ 47. JJSA operates Jimmy John's brand restaurants under franchise agreements between Jimmy John's Franchise, LLC and the entities that own the respective restaurants. *Id.*, at ¶¶ 46-47. These restaurants are unassociated with JS Fort. *Id.* (compare §§ 40-45 with §§ 46-57). Todd Severson and Brooke Severson are shareholders in JJSA.[5] *Id.* Although Plaintiffs named JJSA5 as a defendant, it does not operate any restaurant location currently at issue in this case. Between January 23, 2013 and July 28, 2014, Turowski worked at a franchise restaurant operated by JJSA in Libertyville. *Id.*, at ¶ 91. Turowski never worked at any restaurant affiliated with the Fort Defendants. *Id.*

### C. Brunner Files Numerous Lawsuits.

On July 18, 2014, Brunner filed a three-count complaint against Jimmy John's Enterprises, Inc.[6] and JS Fort alleging violations of the FLSA, the IMWL, and the IWPCA. Dkt. # 1. On August 8, 2014, Brunner and another person filed two other cases against JS Fort that

---

[4] The Fort Defendants dispute that Jeffrey S. Fort is an employer under the FLSA or Illinois law.

[5] The Severson Defendants dispute that Todd and Brooke Severson are employers under the FLSA or Illinois law.

[6] This was an improperly named business entity, which was amended in the Complaint.

4

raised claims under the FLSA, IMWL, and IWPCA. N.D. Ill. Case Nos. 1:14-cv-06134 & 1:14-cv-06136. These cases were assigned to other judges and Brunner quickly dismissed them.

D.     **Brunner Amends Her Complaint and Turowski Joins the Lawsuit.**

On September 19, 2014, Brunner filed the instant Complaint adding Turowski as a Plaintiff. Dkt. # 21. Plaintiffs also added the Franchisor Defendants and the Severson Defendants to the case even though they never employed Brunner and only JJSA employed Turowski. The Complaint primarily concerns a dispute over the overtime classifications of two unassociated assistant managers. Plaintiffs have divided their wage claims into 3 separate groupings (recognizing that this lawsuit actually amounts to 3 distinct cases).

E.     **Plaintiffs' Allegations Fail to Support Their Claims.**

Even at this early stage of the case, it is clear that critical factual allegations are missing from the Complaint, including the following:

- While Plaintiffs claim they "routinely" worked in excess of 40 hours in a workweek, they fail to identify any particular workweek where that actually occurred. Complaint, ¶¶ 74, 92.

- Plaintiffs fail to plead facts regarding the amount of wages they received as an assistant manager or second assistant manager – failing to plead facts sufficient to show that they did not receive appropriate compensation under the FLSA or the IMWL. *Id.*

- Although Plaintiffs allege they were entitled to additional wages under the IWPCA, they fail to identify any agreement under which alleged wages were due. *See Id.*, ¶¶ 240-257, 271-289.

Other allegations in the Complaint support a finding that Plaintiffs were properly classified as exempt. For instance, Brunner concedes "[s]he is paid a salary." *Id.* ¶ 74. Further, both Plaintiffs admit that they in engage in exempt work. *Id.*, ¶¶ 175-176.

Given these deficiencies, the Complaint is not maintainable in its current form.

### III.     STANDARD OF REVIEW

A.     <u>The Standard of Review under Rule 12(b)(6).</u>

In analyzing a Rule 12(b)(6) motion to dismiss, courts look to the sufficiency of the complaint itself, without deciding the merits. *Gibson v. Chicago,* 910 F.2d 1510, 1520-21 (7th Cir. 1990). A court must dismiss a case if the complaint fails to state a claim upon which relief can be granted when viewing the complaint in the light most favorable to the plaintiff. *See* Fed. R. Civ. P. 12(b)(6); *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). A claim should be dismissed where, accepting all well-pleaded factual allegations, the complaint nevertheless fails to "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint that offers "labels and conclusions, . . . a formulaic recitation of the elements of a cause of action[,]" or "naked assertion[s]" devoid of "further factual enhancement" will not suffice. *Id.* at 555, 557. Likewise, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A failure to allege facts in support of a substantive element of a claim also is grounds for dismissal under Rule 12(b)(6). *Leavell v. Illinois Dep't of Natural Res.*, 600 F.3d 798, 808 (7th Cir. 2010).

Further, while a plaintiff is not required to anticipate a defendant's affirmative defenses when drafting the complaint, dismissal is, nonetheless, proper when "the validity of the defense [is] apparent from the complaint itself, and unmistakable, so that the suit is fairly describable as frivolous." *Heard v. U.S. Steel*, Civ. No. 06-cv-615-JPG, 2006 U.S. Dist. LEXIS 92384 (S.D. Ill. Dec. 21, 2006) (quoting *Walker v. Thompson* 288 F.3d 1005, 1009 (7th Cir. 2002)).

## IV. ARGUMENT

**A. Counts III and V Should Be Dismissed in Their Entirety and Counts IV and VI Should Be Dismissed in Part Because Plaintiffs Fail to Plead Sufficient Facts Setting Forth an FLSA or IMWL Violation.[7]**

### 1. *An FLSA or IMWL Plaintiff Must Identify a Given Workweek in Which She Worked Over 40 Hours and Did Not Receive Overtime Pay.*

While there is some split among district courts, and the Seventh Circuit has not conclusively ruled on the issue, numerous decisions from sister circuits have held that, *post-Twombly*, a plaintiff must do more than merely "allege that the employer failed to pay the employee minimum wages or overtime wages" to state an FLSA claim that meets the Rule 12(b)(6) standard. *Landers v. Quality Comm. Inc.*, --- F.3d ---, No. 12-15890, 2014 U.S. App. LEXIS 21440, *7 (9th Cir. Nov. 12, 2014).

For example, in *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012), the First Circuit dismissed an FLSA claim where the plaintiffs alleged they had "regularly worked hours over forty in a week and were not compensated for such time. . . ." *Id.* at 13. In doing so, the First Circuit described the allegation as "legal conclusions" that were "so threadbare or speculative that they fail to cross the line between the conclusory and the factual." *Id*. (citation and internal quotation marks omitted). The court found that the claim was "little more than a paraphrase of the statute[]" and thus "too meager, vague, or conclusory to . . ." nudge plaintiffs' claim "from the realm of mere conjecture . . ." to the realm of plausibility, as required by *Twombly* and *Iqbal*. *Id.* (citation omitted). In particular, the First Circuit held that the complaint "lacked examples of unpaid time, a description of work performed during overtime periods, or estimates of the overtime amounts owed." *Id.* at 14.

---

[7] The analyses of whether Plaintiffs have alleged sufficient facts to state a claim under the FLSA or the IMWL are identical. *Skelton v. American InterContinental* University, 382 F.Supp.2d 1068, 1074 (N.D. Ill. 2005) ("The IMWL parallels the FLSA, and thus the same analysis applies to claims made under the IMWL and FLSA.").

Likewise, in *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013), the Second Circuit reviewed the level of factual specificity required in an FLSA case to meet the *Twombly/Iqbal* standard. In *Lundy*, the court noted that some courts within that circuit required a complaint seeking overtime wages under the FLSA to contain "an approximation of the total uncompensated hours worked during a given workweek in excess of 40 hours." *Id.* at 114 (citation omitted). After indicating that the plausibility of a claim is "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense," the court concluded that no plausible FLSA claim was pled because the plaintiffs failed to allege "a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." *Id. See also Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) (finding that mere allegations that the plaintiffs were not compensated for overtime failed to state sufficient facts where, among other things, plaintiffs failed to allege they "were scheduled to work forty hours in a given week . . . " and holding that a plaintiff must allege "sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week"); *Dejesus v. HF Management Services, LLC*, 726 F. 3d 85, 89 (2d Cir. 2013) (concluding that the plaintiff failed to state a plausible FLSA claim because she did not "allege overtime without compensation in a given workweek"). In other words, the Second Circuit "require[s] plaintiffs to draw on their memory and personal experience to develop factual allegations with sufficient specificity that they plausibly suggest that defendant failed to comply with its statutory obligations under the FLSA." *Landers*, at *13 (citing *Lundy* and *Nakahata*, supra).

Similarly, in *Davis v. Abington Memorial Hospital*, 765 F.3d 236 (3d Cir. 2014), the Third Circuit applied the standards of *Twombly* and *Iqbal* to a claim for unpaid overtime wages.

8

In *Davis*, each of the plaintiffs alleged that "he or she typically worked shifts totaling between thirty-two and forty hours per week and further allege[d] that he or she frequently worked extra time. . . ." *Id.* at 242 (internal quotation marks omitted). But the Third Circuit dismissed the claims concluding that allegations were insufficient to state a plausible claim under the FLSA. *Id.* The Third Circuit explained that a plaintiff need not identify precisely the dates and times she worked overtime. *Id.* However, absent an allegation that a plaintiff worked overtime hours in a particular workweek without receiving overtime pay, the FLSA claims must fail. *Id.*

Finally, just this month, the Ninth Circuit affirmed a district court's dismissal of an FLSA claim for failing to adequately plead an overtime claim under the *Twombly/Iqbal* standard. Relying on the cases cited above, the Ninth Circuit held that "conclusory allegations that merely recite the statutory language are [not] adequate" to maintain an FLSA claim. *Landers*, 2014 U.S. App. LEXIS 21440 at *16. "Indeed, such an approach runs afoul of the Supreme Court's pronouncements in *Iqbal* that a Plaintiff's pleading burden cannot be discharged by '[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action . . . .' *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, an FLSA plaintiff must, at a minimum, "allege that she worked more than forty hours ***in a given workweek*** without being compensated for the overtime hours worked during that workweek." *Landers*, at *16 (emphasis added).

> **2.  Plaintiffs Fail to Identify any Given Workweek in Which They Worked Over 40 Hours, Fail to State the Compensation They Received, and Otherwise Fail to Meet the Twombly/Iqbal Standard.**

As in *Landers*, *Lundy*, and *Davis*, Plaintiffs in this case fail to adequately plead their FLSA claims in Counts III and V or their IMWL claims in Counts IV and VI. In particular, neither Brunner nor Turowski allege what wages they received or how they were paid as an assistant manager. At most, Brunner alleges "[s]he is paid a salary" but does not specifically state how much she was compensated or for what hours. Complaint, ¶ 74. Further, Brunner

9

merely alleges that she "routinely works about 55 hours per week. . . ." *Id.* However, she does not identify any given workweek where that actually occurred. Nor does Brunner plead sufficient facts to show that she did not receive adequate compensation under the FLSA or the IMWL during any workweek.

Similarly, Turowski fails to allege what wages she received as an assistant manager. *Id.*, ¶ 92. Moreover, Turowski merely alleges that she "routinely worked in excess of 65-70 hours per week. . . ." *Id.* However, Turowski does not identify any given workweek where that actually occurred. Nor does she plead sufficient facts to show that she did not receive adequate compensation under the FLSA or the IMWL during any workweek.

The rest of Plaintiffs' allegations are wholly conclusory or merely parrot the statute. For example, under Count III, Brunner simply alleges that "Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA. . . ." *Id.*, ¶ 235. An identical conclusion is asserted by Turowski in Count V. *Id.*, ¶ 266. Such threadbare assertions and conclusory allegations fail to raise Plaintiffs' FLSA or the IMWL claims above the mere possibility of a claim to the requisite standard of plausibility under *Twombly* and *Iqbal*.

B. **Plaintiffs' Own Complaint Establishes the Validity of Their Exempt Classifications.**

　　　1.　　*Plaintiffs Admit They Received a Salary and Performed Exempt Work.*

A court may also dismiss a claim under Rule 12(b)(6) where "the validity of the defense [is] apparent from the complaint itself, and unmistakable, so that the suit is fairly describable as frivolous." *Heard*, 2006 U.S. Dist. LEXIS 92384 (quoting *Walker*, 288 F.3d at 1009).

Here, Plaintiffs concede executive and administrative employees are exempt from the FLSA. *Id.*, ¶ 167. Plaintiffs recognize that, to rely on the executive and administrative exemptions, an employer must meet the salary-basis and duties portions of the requisite tests. *Id.*, ¶¶ 168-169 (citing 29 C.F.R. §§ 541.100(1) and .202(a)).

10

While Plaintiffs state, in conclusory fashion only, that they do not qualify for either the administrative or executive exemption, their factual allegations tell a very different story. For instance, Brunner admits she is paid on a salary basis. Complaint, ¶ 74. Additionally, Plaintiffs admit they engage in exempt work at least 10% of the time. *Id.*, ¶¶ 172-176. While Plaintiffs claim that they spend 90% of their time performing nonexempt work,[8] such an allegation fails to set forth facts that would defeat their exempt status.

### 2. Factual Allegations Regarding the Time Spent on Nonexempt Work Do Not Obviate Either the Executive or Administrative Exemption.

Importantly, the federal regulations provide that the "[t]ime alone . . . is not the sole test [for establishing a exempt primary duty], and nothing . . . requires that exempt employees spend more than 50 percent of their time performing exempt work." 29 C.F.R. § 541.700(b). In fact, the regulations further state that "assistant managers in a retail establishment who perform exempt executive work such as supervising and directing the work of other employees, ordering merchandise, managing the budget and authorizing payment of bills may have management as their primary duty even if the assistant managers spend more than 50 percent of the time performing nonexempt work such as running the cash register." 29 C.F.R. § 541.700(c).

It is a well-settled principle of FLSA jurisprudence that employees, such as store or restaurant managers, may be classified as exempt regardless of the time spent on nonexempt duties. The "primary duty does not mean the most time-consuming duty; it instead connotes the 'principal' or 'chief' – meaning the most important duty performed by the employee." *Thomas v. Speedway Super America, LLC*, 506 F.3d 496, 504 (6th Cir. 2007). In fact, "the nature of [such] retail business[es], exempts retail executives from [any alleged] . . . requirement that the

---

[8] *See Id.*, ¶¶172-175. The Franchisee Defendants dispute that Plaintiffs spent 90% of their time engaged in nonexempt work. Nonetheless, even taking Plaintiffs' allegations as true, as is required for purposes of this motion only, Plaintiffs fail to set forth allegations that would negate their exempt classifications.

11

majority of their hours be spent on executive functions." *In re Family Dollar FLSA Litigation*, 637 F.3d 508, 515 (4th Cir. 2011) (citing 29 U.S.C. § 213(a)(1). As concisely stated in the FLSA regulations:

> [A]n assistant manager in a retail establishment may perform work such as serving customers, cooking food, stocking shelves and cleaning the establishment, but performance of such nonexempt work does not preclude the exemption if the assistant manager's primary duty is management. An assistant manager can supervise employees and serve customers at the same time without losing the exemption. An exempt employee can also simultaneously direct work of other employees and stock shelves.

29 C.F.R. § 541.106(b). Thus, Plaintiffs' allegations that they waited on customers, stocked shelves, cleaned the restaurant, prepared food, or engaged in other nonexempt work do not obviate their exempt status.

Indeed, numerous courts have upheld exempt classifications under the FLSA where a substantial part of an employees' work day was spent performing nonexempt work. *See*, *e.g.*, *In re Family Dollar FLSA Litigation*, 637 F.3d at 515 (holding that retail store manager was exempt executive where the plaintiff "spent 99%" of her time doing nonexempt duties such as "putting out freight, running a cash register, doing schematics and doing the janitorial work" because "even while doing those jobs, she was also the person responsible for running the store."); *Murray v. Stuckey's Inc.,* 939 F.2d 614, 618 (8th Cir. 1991) (explaining that the fact the retail store managers spend up to 90% of their time on non-managerial duties "is not a controlling factor under the regulations"); *Jackson v. Advance Auto Parts, Inc.*, 362 F. Supp. 2d 1323, 1334 (N.D. Ga. 2005) (holding that retail store assistant managers were exempt executives where the plaintiffs "spent 90% of their time performing non-exempt tasks, including selling, operating the register and cleaning the store."). Thus, "[a] number of federal courts have disregarded the time

12

factor . . . where the manager is in charge of a separate facility such as a convenience store or restaurant chain." *Haines v. Southern Retailers, Inc.*, 939 F. Supp. 441, 449 (E.D. Va. 1996).

Here, Plaintiffs' claims for overtime pay appear to be premised on the allegation that they spent 90% of their time performing nonexempt work. While this is untrue, it does not obviate application of the executive or administrative exemption. In fact, Plaintiffs admit they were paid on a salary basis and performed exempt work at least 10% of the time. Accordingly, the Complaint supports Plaintiffs' exempt status and fails to state a plausible overtime time claim.

### C. Plaintiffs' IWPCA Claims in Counts IV and VI Should Be Dismissed.

#### 1. The IWPCA Requires a Showing that Wages Were Owed Under an Employment Contract or Agreement.

The IWPCA provides that "every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." 820 ILCS 115/3. The statute, however, goes on to define "wages" as "any compensation owed an employee by an employer ***pursuant to an employment contract or agreement between the 2 parties***." 820 ILCS 115/2 (emphasis added).

Pursuant to this definition of wages, numerous courts have held that the IWPCA applies only when an employer has breached an express agreement or contract to pay the specific wages in question. *See*, *e.g.*, *Mooney v. Wyndham Worldwide Operations*, No. 13 C 6592, 2014 U.S. Dist. LEXIS 89190, *4 (N.D. Ill. Jul. 1, 2014) ("Plaintiffs suing under the IWPCA must allege that final compensation is due to them under an employment 'contract or agreement.'") (citing *Landers-Scelfo v. Corporate Office Sys., Inc.*, 356 Ill. App. 3d 1060, 827 N.E.2d 1051 (Ill. App. Ct. 2005)); *Brand v. Comcast Corp.*, No. 12 CV 1122, 2013 U.S. Dist. LEXIS 52098, *5 (N.D. Ill. Apr. 11, 2013) ("[T]o state a claim under the IWPCA, Brand must allege that Comcast owed him the unpaid wages pursuant to an employment contract or agreement."); *Rodriguez v.*

13

*Quiroga Corp.*, No. 13 C 5916, 2014 U.S. Dist. LEXIS 65277, *3 (N.D. Ill. May 13, 2014) (Under the IWPCA, the "'contract or agreement' defines the employee's wages and benefits, not the IWPCA."); *Palmer v. Great Dane Trailers*, 2005 U.S. Dist. LEXIS 12747, at *8 (N.D. Ill. June 28, 2005) ("The plain meaning of the IWPCA indicates that pay is only recoverable under the statute when the employer has breached contractual obligations.").

Importantly, the "IWPCA [does] not create . . . entitlement to overtime wages." *Lopez v. Smurfit-Stone Container Corp.*, 2003 U.S. Dist. LEXIS 2180, at *8-9 (N.D. Ill. Feb. 13, 2003). "In fact, the Seventh Circuit has stated that the IWPCA merely requires 'that the employer honor his contract.'" *Id.* (citing *Nat'l Metalcrafters v. McNeil*, 784 F.2d 817, 824 (7th Cir. 1987)). *See also Skelton*, 382 F. Supp. 2d at 1074 ("The [IWPCA], unlike the IMWL, requires that a claim for compensation be based on a 'contract or agreement' between employer and employee.") (citing *Nat'l Metalcrafters*, 784 F.2d at 824); *Mathias v. Addison Fire Protection District No. 1*, 43 F. Supp. 2d 916, 925-26 (N.D. Ill. 1999) ("The IWPCA mandates that employers pay their employees ***agreed upon wages and benefits*** within certain time periods.") (emphasis added).

### 2. Plaintiffs Fail to Allege Wages Were Due Under any Employment Contract or Agreement, Which Negates Their IWPCA Claims.

Here, Plaintiffs merely allege that the Fort Defendants and Severson Defendants violated the IWPCA by, among other actions, classifying ASMs as "exempt" employees. Complaint, ¶¶ 255, 287. Plaintiffs further indicate that they are seeking to recover minimum wages, wages, and overtime compensation for these violations of the IWPCA. *Id.* However, conspicuously absent from Plaintiffs' allegations is any allegation that such "wages" are owed to Plaintiffs or any prospective class member pursuant to an "employment contract or agreement" – a prerequisite to stating a cause of action under the IWPCA.

In other words, Plaintiffs have not pled any contract or agreement under which they are owed minimum wages, overtime pay, or any other compensation. *See generally* Complaint. Thus, Plaintiffs have failed to plead sufficient facts to state a claim under the IWPCA. *See*, *e.g.*, *Rodriguez*, 2014 U.S. Dist. LEXIS 65277 at *5 (dismissing complaint where plaintiffs alleged an agreement that "Defendants would comply in all respects with pertinent state and federal wage and hours laws" without supporting details about the alleged agreement); *Brand*, 2013 U.S. Dist. LEXIS 52098 at *23 (dismissing complaint where plaintiff "has not sufficiently alleged that Comcast failed to comply with a separate agreement to pay wages"); *Palmer*, 2005 U.S. Dist. LEXIS 12747 at *11-12 (dismissing plaintiff's IWPCA claim because plaintiff "has not alleged the existence of any agreement, contract, or CBA stating that GDLP promised to pay Palmer overtime" and rejecting the plaintiff's argument that the FLSA or IMWL can create the obligation to support a claim under the IWPCA).

Accordingly, the Court should dismiss Counts IV and VI of the Complaint to the extent that they purport to allege claims under the IWPCA.

## V.  CONCLUSION

Based on the foregoing, the Franchisee Defendants respectfully request that the Court grant their Motion for Partial Dismissal of Plaintiffs' First Amended Class Action Complaint in its entirety, enter a Judgment in Defendants' favor and award the Franchisee Defendants their costs and fees incurred in defending against this frivolous lawsuit.

Respectfully submitted,

By: /s/ Jeffrey L. Rudd_____

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

BY:   /s/ Jeffrey L. Rudd

4816-0864-0800, v. 1