## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EMILY BRUNNER and CAITLIN TUROWSKI, individually and on behalf of all persons similarly situated, as Class/Collective representatives,<br><br>Plaintiffs<br><br>v.<br><br>JIMMY JOHN LIAUTAUD, JIMMY JOHN'S, LLC, JIMMY JOHN'S ENTERPRISES, LLC, JS FORT GROUP, INC., JJ SEVERSON AFFILIATES FIVE, INC., JJ SEVERSON AFFILIATES, INC., JIMMY JOHN'S FRANCHISE, LLC, JEFFREY S. FORT, TODD SEVERSON, and BROOKE SEVERSON,<br><br>Defendants. | Case No. 1:14-cv-05509<br><br>Honorable Charles P. Kocoras<br><br>Magistrate Judge Jeffrey Cole |

### DECLARATION OF GERALD L. MAATMAN, JR.

I, GERALD L. MAATMAN, JR., based on my personal knowledge and pursuant to 28

U.S.C. § 1746, declare as follows:

1.      I am over the age of 18 and I have personal knowledge of the following facts.

2.      I am an attorney with Seyfarth Shaw LLP and I am lead counsel for Defendants

Jimmy John's, LLC, Jimmy John's Enterprises, LLC, and Jimmy John's Franchise, LLC

(collectively, "Jimmy John's" or "Jimmy John's Defendants").

3.      I submit this declaration in support of Jimmy John's Motion to Trifurcate

Proceedings.

4.      On August 25, 2014, I conferred by phone with Peter Currie, counsel for Plaintiffs

in this matter.  We discussed, among other things, various case management issues, including the

18580341v.1

possibility of dividing this litigation into three phases, with the first phase devoted to resolving whether the Jimmy John's defendants can be held liable to Plaintiffs as Plaintiffs' employer or joint employer. Plaintiffs' counsel informed me that they would be willing to consider a trifurcated approach to these proceedings as long as defendants were willing to toll the statute of limitations for the FLSA claims of putative collective action members.

5.      Following that call, I prepared a draft unopposed motion to trifurcate proceedings and draft tolling agreement. I shared those drafts with Plaintiffs' counsel on September 3, 2014. A true and correct copy of the cover email containing those drafts is attached hereto as Exhibit 1.

6.      I next spoke with Plaintiffs' counsel about trifurcation by phone on September 4, 2014. Plaintiffs' counsel again indicated that Plaintiffs did not oppose the concept of trifurcation in principle provided that the parties could work out the details of an acceptable agreement.

7.      On September 9, 2014, Plaintiffs' counsel sent me an email in which they again stated that they were generally open to the possibility of trifurcation so long as the parties were able to agree on tolling and the scope of Phase I discovery. A true and correct copy of the email I received from Plaintiffs' counsel on September 9, 2014 is attached hereto as Exhibit 2.

8.      At 8:13 PM on September 24, 2014, I received an email from Plaintiffs' counsel that set forth Plaintiffs' proposed parameters for a trifurcation and tolling agreement. A true and correct copy of the email that I received from Plaintiffs' counsel on September 24, 2014 is attached hereto as Exhibit 3.

9.      On September 25, 2014, the Court held a status conference at which the parties and the Court discussed the prospect of trifurcation. A true and correct copy of the transcript of the September 25, 2014 status conference is attached hereto as Exhibit 4.

2

10.     On October 15, 2014, I sent a draft Joint Stipulation And Proposed Order To Trifurcate Proceedings And Toll Statute Of Limitations (the "Proposed Scheduling Order") to Plaintiffs' counsel for review.  I did so based on the representations of Mr. Currie to this Court during the status conference on September 25, 2014.  A true and correct copy of the cover email that I sent to Plaintiffs' counsel on October 15, 2014 and the attached Proposed Scheduling Order is attached hereto as Exhibit 5.

11.     On October 29, 2014, Plaintiffs' counsel sent me an email attaching their proposed revisions to the Proposed Scheduling Order.  A true and correct copy of the email I received from Plaintiffs' counsel on October 29, 2014 and the attached revised Proposed Scheduling Order is attached hereto as Exhibit 6.

12.     On November 8, 2014, the parties attended a conference call to confer regarding the parties' differences with respect to the Proposed Scheduling Orders.

13.     On November 12, 2014 I sent an updated trifurcation proposal to Plaintiffs' Counsel.  A true and correct copy of the cover email that I sent to Plaintiffs' counsel on November 12, 2014 and the attached revised Proposed Scheduling Order is attached hereto as Exhibit 7.

14.     On November 21, 2014, Plaintiffs' counsel informed me by email that they did not agree with Jimmy John's November 12, 2014 version of the Proposed Scheduling Order and attached Plaintiffs' proposed revisions.  Though Plaintiffs' revised proposal accepted certain components of Jimmy John's November 12 proposal, Plaintiffs continued to insist that the Court should decide the class and merits issues concerning Plaintiffs' non-compete claim during Phase I.  A true and correct copy of the email I received from Plaintiffs' counsel on November 21, 2014 and the attached revised Proposed Scheduling Order is attached hereto as Exhibit 8.

18580341v.1

15.     Jimmy John's responded on November 21 that it could not agree with Plaintiffs' counter-proposal.  A true and correct copy of the email sent to Plaintiffs' counsel by Jimmy John's counsel Matt Gagnon is attached hereto as Exhibit 9.  Accordingly, the November 12 and November 21 proposed stipulations represent the parties' current positions regarding trifurcation.

16.     Due to these significant differences of opinion concerning the parties' competing versions of the Proposed Scheduling Order, the parties have been unable to reach a mutually agreeable course of trifurcation.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 24, 2014.

/s/ Gerald L. Maatman, Jr.
Gerald L. Maatman, Jr.

## CERTIFICATE OF SERVICE

I, Gerald L. Maatman, Jr., an attorney, do hereby certify that on November 24, 2014, I caused a true and correct copy of the foregoing **DECLARATION OF GERALD L. MAATMAN, JR.** in support of the Jimmy John's Defendants Motion To Trifurcate Proceedings to be filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Kathleen Currie Chavez
Kevin Paul Noll
Peter Lawrence Currie
Robert M. Foote
Foote, Mielke, Chavez & O'Niel, LLC
10 West State St., Suite #200
Geneva, IL 60134

Gregory Harvey Andrews
Allan S. Rubin
Jeffrey L. Rudd
Matthew Scott Disbrow
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, IL 60601

Mary-Christine Sungaila
Christy D. Joseph
Snell & Wilmer LLP
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626

Andrew Kopon , Jr.
Colette Lynn Kopon
Eleonora Paloma Khazanova
Kopon Airdo, LLC
233 S. Wacker Drive, Suite 4450
Chicago, IL 60606

_/s/ Gerald L. Maatman, Jr._
Gerald L. Maatman, Jr.

5

18580341v.1