# EXHIBIT A

# EMPLOYEE CONFIDENTIALITY AND NON-COMPETITION AGREEMENT

THIS CONFIDENTIALITY AND NON-COMPETITION AGREEMENT (the "Agreement") is made as of  Nov 29 , 2013 (the "Effective Date") (regardless of the dates of the parties' signatures) by and between , a(n) JJSA INC _____ ("Employer"), and _____ ("Employee").

1. **Background.** Employer operates as a franchisee of Jimmy John's Franchise, LLC, a Delaware limited liability company ("JJF"). JJF franchises JIMMY JOHN'S® Sandwich Shops operating at various locations throughout the country and, in connection with those activities, has invested (and continues to invest) substantial time, effort, and money in developing the products sold to customers of JIMMY JOHN'S® Sandwich Shops and refining the procedures to be used in operating JIMMY JOHN'S® Sandwich Shops, all of which JJF considers to be "Confidential Information," as further defined in this Agreement. Employer, as a franchisee of JJF, entered into that certain franchise agreement dated  March 10 , 2013 with JJF or its predecessor in interest Jimmy John's Franchise Inc. (the "Franchise Agreement"). Pursuant to the Franchise Agreement, Employer uses the Confidential Information in its operation of the franchise(s) located at  Niles IL . Pursuant to the Franchise Agreement, all employees of Employer having access to the Confidential Information are required to execute this Agreement.

   Employee desires to become an employee of Employer and acknowledges that, during the term of his or her employment with Employer, he or she will have access to Confidential Information in order to perform his or her employee duties. Employee understands the importance of Confidential Information to Employer and JJF and of preserving the confidentiality of Confidential Information. Employer is willing to hire Employee only on the condition that Employee agrees to comply with this Agreement's obligations. Employee understands that Employer is hiring Employee in reliance on Employee's willingness to comply with this Agreement and that Employer would not hire Employee if he or she were not willing to do so. Employee understands that complying with this Agreement is essential to protect Employer's and JJF's legitimate business interests.

2. **Confidentiality.** (a) The term "Confidential Information," as used in this Agreement, means certain confidential and proprietary information, including trade secrets, relating to the development and operation of JIMMY JOHN'S® Sandwich Shops. Confidential Information further includes, but is not limited to: (a) plans and specifications for developing JIMMY JOHN'S® Sandwich Shops; (b) training methods, materials, programs, and systems for employees of JIMMY JOHN'S® Sandwich Shops; (c) methods, techniques, menus, recipes, formats, specifications, standards, systems, procedures, sales and marketing techniques, and knowledge and experience in developing and operating JIMMY JOHN'S® Sandwich Shops; (d) marketing, advertising, and promotional programs for JIMMY JOHN'S® Sandwich Shops and the JIMMY JOHN'S® System; (e) Operations Manuals; (f) knowledge of specifications for and suppliers of ingredients, products, materials, supplies, equipment, and services used in connection with developing and operating JIMMY JOHN'S® Sandwich Shops; (g) the identities of suppliers and the terms of supplier contracts; (h) knowledge of operating results and financial performance of JIMMY JOHN'S® Sandwich Shops; (i) ongoing product and service research and development; and (j) new site investigation or selection criteria.

   (b) In consideration of Employer's willingness to employ Employee, the compensation that Employer will pay to Employee, the training that Employer will provide to Employee, and the introduction of Employee to Employer's customers and suppliers, Employee agrees to use the Confidential Information only to the extent reasonably necessary to perform his or her duties on behalf of Employer, taking into consideration the confidential nature of the Confidential Information. Employee acknowledges and agrees that neither Employee nor any other person or entity will acquire any interest in or right to use the Confidential Information other than in performing his or her duties during the scope of his or her employment by Employer and that any unauthorized use or duplication of the Confidential Information would be detrimental to Employer and JJF, would damage Employer's and JJF's legitimate business interests, and would constitute a

©2008 JIMMY JOHN'S FRANCHISE, LLC   ALL RIGHTS RESERVED.   REV 09.15.07

breach of Employee's obligations of confidentiality and would further constitute an unfair method of competition with Employer and JJF and/or franchised or company-owned JIMMY JOHN'S® Sandwich Shops.

(c) Employee acknowledges and agrees that the Confidential Information is confidential to and a valuable asset of Employer and JJF. The Confidential Information will be disclosed to Employee solely on the condition that Employee agrees, and Employee therefore does hereby agree that, during and after his or her employment by Employer, he or she: (a) will not use the Confidential Information in any other business or capacity; (b) will maintain the absolute confidentiality of each item of Confidential Information for as long as such item remains confidential; (c) will not make unauthorized copies of any portion of the Confidential Information disclosed in written or any other tangible form; and (d) will adopt and implement all reasonable procedures prescribed from time to time by Employer and JJF to prevent unauthorized use or disclosure of or access to the Confidential Information, including any such procedures implemented following the execution of this Agreement.

(d) Employee acknowledges and agrees that JJF will own any developments in the operation of a JIMMY JOHN'S® Sandwich Shop or concerning its products that Employee might create during his or her employment by Employer.

3. **Non-Competition Covenant.** Employee covenants and agrees that, during his or her employment with Employer and for a period of two (2) years after either the effective date of termination of his or her employment for any reason, whether voluntary or involuntary and whether by Employer or Employee, or the date on which Employee begins to comply with this paragraph, whichever is later, he or she will not have any direct or indirect interest in or perform services for (whether as an owner, partner, investor, director, officer, representative, manager, employee, principal, agent, advisor, or consultant) any business which derives more than ten percent (10%) of its revenue from selling submarine, hero-type, deli-style, pita and/or wrapped or rolled sandwiches and which is located within three (3) miles of either (1) 9641 N Milwaukee Ave , Niles IL 60714_____ [insert address of employment], or (2) any such other JIMMY JOHN'S® Sandwich Shop operated by JJF, one of its authorized franchisees, or any of JJF's affiliates.

Employee also acknowledges and agrees that, for at least twelve (12) months after the effective date of termination of his or her employment for any reason, whether voluntary or involuntary and whether by Employer or Employee, Employee may not become a partner of or investor/owner with, or work for, another JIMMY JOHN'S® Sandwich Shop franchisee. Employee acknowledges that other JIMMY JOHN'S® Sandwich Shop franchisees are contractually prohibited by JJF from recruiting Employee as a partner or investor/owner, or from hiring Employee, for at least twelve (12) months after Employee leaves his or her employment with Employer (regardless of the reason for his or her departure).

4. **Solicitation.** Employee agrees to disclose to Employer immediately upon receipt any employment offers made by any competitor of Employer (as defined in Section 3 above).

5. **Amendment.** This Agreement may be modified only in a writing signed by Employer and Employee.

6. **Costs and Attorneys' Fees.** Employee agrees to reimburse Employer and JJF for all costs and expenses, including attorneys' fees, that Employer or JJF incur to enforce this Agreement against Employee.

7. **Governing Law.** This Agreement and the relationship of the parties will be governed by the laws of the State of ILLINOIS_____, without regard to its conflicts of laws rules.

8. **Severability.** The parties desire that this Agreement be enforced to the fullest extent possible under applicable law and therefore agree that, if any provision is deemed to be unenforceable or unlawful, that provision will be ignored to the extent of its unenforceability or unlawfulness, but the remaining portions of that provision, and this Agreement as a whole, will be enforced to the fullest extent possible. The parties expressly agree that any court may "blue pencil" any provision in this Agreement and enforce it to the maximum extent allowed under applicable law.

©2008 JIMMY JOHN'S FRANCHISE, LLC  ALL RIGHTS RESERVED.              REV 09.15.07

9. **Third Party Beneficiary.** Employee recognizes that the parties intend for JJF to be a third party beneficiary of this Agreement and that JJF at its election may enforce this Agreement with or without the authorization or cooperation of Employer. Employee understands that any action by Employee in violation of this Agreement will cause JJF irreparable harm and Employee therefore acknowledges that JJF may apply for an injunction preventing Employee from violating this Agreement and Employee agrees to pay JJF's costs and attorneys' fees incurred by JJF to enforce this Agreement as provided in Section 6 above.

**EMPLOYER**

Signature: Todd Severson    *Digitally signed by Todd Severson*
*DN: cn=Todd Severson, o, ou, email=ijas@rrs.com, c=US*
*Date: 2013.11.29 13:06:25 -06'00'*

Name (print): _____

Title: President

Date: 11-29-13

**EMPLOYEE**

Signature: _____

Name (print): _____

Date: _____

©2008 JIMMY JOHN'S FRANCHISE, LLC    ALL RIGHTS RESERVED.

REV 09.15.07