IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMILY BRUNNER and CAITLIN TUROWSKI, individually and on behalf of all persons similarly situated, as Class/Collective representatives,<br><br>    Plaintiffs,<br><br>  v.<br><br>JIMMY JOHN'S, LLC,<br>JIMMY JOHN'S ENTERPRISES, LLC,<br>JS FORT GROUP, INC.,<br>JJ SEVERSON AFFILIATES FIVE, INC.,<br>JJ SEVERSON AFFILIATES, INC.,<br>JIMMY JOHN'S FRANCHISE, LLC,<br>JEFFREY S. FORT,<br>TODD SEVERSON, and<br>BROOKE SEVERSON,<br><br>    Defendants. | Case No. 14-CV-05509<br><br>Hon. Judge Kocoras<br><br>Magistrate Judge Cole |
| ALEXANDER WHITON, individually and on behalf of all persons similarly situated, as Class/Collective representative,<br><br>    Plaintiff,<br><br>  v.<br><br>JIMMY JOHN'S, LLC, JIMMY JOHN'S ENTERPRISES, LLC, JJ SEVERSON AFFILIATES FIVE, INC., JJ SEVERSON AFFILIATES, INC., JIMMY JOHN'S FRANCHISE, LLC, TODD SEVERSON, and BROOKE SEVERSON,<br><br>    Defendants. | Case No: 15-CV-01681 |

20528482v.3

**RENEWED MOTION FOR REASSIGNMENT AND CONSOLIDATION,
AND TO SET A SCHEDULE TO COMPLETE DISCOVERY AND BRIEFING ON
THE JOINT EMPLOYER ISSUE AND TO ADDRESS THE ISSUE OF TOLLING**

Defendants Jimmy John's, LLC, Jimmy John's Enterprises, LLC, and Jimmy John's Franchise, LLC, ("Jimmy John's"), in light of their agreement to toll the statute of limitations for potential opt-in plaintiffs, respectfully renew their motion (ECF No. 140) pursuant to Local Rule 40.4 and Federal Rule of Civil Procedure 42 to reassign *Watson v. Jimmy John's, LLC, et al.*, Case No. 15-CV-6010, to this Court's docket as a related case to *Brunner, et al. v. Jimmy John's, LLC, et al.*, Case No. 14-CV-5509, and to consolidate the *Watson* action with the *Brunner* action ("Motion"). Jimmy John's further moves this Court to enter a scheduling order for completion of discovery and briefing on the joint employer issue as quickly and efficiently as possible. In support of this motion, Jimmy John's states as follows:

**I.   Jimmy John's Has Agreed To Toll The Statute Of Limitations For All Putative Opt-Ins Thereby Alleviating Any Prejudice That Would Result From Reassignment And Consolidation**

1. On July 18, 2014, Plaintiff Emily Brunner filed *Brunner, et al. v. Jimmy John's, LLC, et al.*, Case No. 14-CV-5509, against Jimmy John's and some franchisee defendants. (*Brunner* ECF No. 1.) On February 25, 2015, Plaintiff Alexander Whiton filed a separate class action complaint, *Whiton v. Jimmy John's, LLC, et al.*, Case No. 15-CV-1681, in the U.S. District Court for the Northern District of Illinois. (*Whiton* ECF No. 1.) On March 12, 2015, this Court consolidated the *Whiton* action with the *Brunner* action. (*Brunner* ECF No. 103.) In *Brunner*, the plaintiffs bring a nationwide collective action for unpaid overtime on behalf of all Assistant Store Managers ("ASMs") who worked at one (or more) of the more than 2,000 franchisee-owned and franchisor-owned Jimmy John's locations across the country. (*Brunner* ECF No. 116 ¶¶ 2, 8, 60.)

2. On March 2, 2015, Plaintiff Scott Watson filed a nearly identical action against Jimmy John's in the Southern District of Ohio and also attempted to bring a nationwide collective action for unpaid overtime on behalf of all ASMs who worked at one (or more) of the more than 2,000 franchisee-owned and franchisor-owned Jimmy John's locations across the country. (*Watson* ECF No. 1.[1]) The Southern District of Ohio transferred the case to this Court due to its overlap with the *Brunner* case. As stated in Jimmy John's memorandum of law in support of its Motion, the *Watson* complaint brings the same claims, on behalf of the same putative class, against the same Defendants, and relies on the same allegations as the FLSA claim pending in the *Brunner* action. (*Brunner* ECF No. 141.) For the reasons stated in that memorandum, Jimmy John's moved to reassign the *Watson* action to this Court for consolidation with the *Brunner* action. (*Id.*)

3. The *Watson* Plaintiffs opposed Jimmy John's Motion on the grounds that potential opt-ins to the *Watson* action would be prejudiced by reassignment and consolidation because their claims have been "diminishing and expiring every day for almost five months," and "[w]ithout prompt notice to the collective or an order tolling the statute of limitations, these workers' claims for unpaid overtime under the Fair Labor Standards Act will continue to be lost." (*Brunner* ECF No. 149 at 1.) On July 28, 2015, the Court denied Jimmy John's Motion without prejudice and suggested the motion be renewed. (*Brunner* ECF No. 151.)

4. On July 29, 2015, Defendants' counsel reached out to Plaintiffs' counsel and indicated that Jimmy John's would agree to toll the statute of limitations for all putative opt-ins to the *Watson* action, through the date that the *Watson* Plaintiffs' motion for conditional certification is decided, assuming that the Court ever reaches that issue as to Jimmy John's.

---

[1] This document is attached as Ex. 1 pursuant to Local Rule 40.4(c).

(*Watson* ECF No. 6.) This was the same offer that Plaintiffs' counsel had made to Jimmy John's counsel just a few days before the hearing on Defendants' Motion – an offer that Defendants never rejected. (Maatman Decl.[2] ¶¶ 4-5.) Plaintiffs' counsel stated that he would have to consult with his team before making a decision. (*Id.* ¶ 5.) Whether Plaintiffs' accepts Jimmy John's offer or not, Jimmy John's remains willing to agree to toll the statute of limitations for potential opt-ins to the *Watson* action from today through the Court's decision on the *Watson* Plaintiff's motion for conditional certification.

5. Because Jimmy John's agreement to toll the statute of limitations for all potential opt-ins alleviates the concerns raised in Plaintiffs' opposition to Jimmy John's memorandum, and because the concerns that otherwise counsel in favor of consolidation – including conservation of resources and eliminating the risk of inconsistent rulings – remain present, Jimmy John's now renews its Motion to reassign the *Watson* matter to this Court's docket and to consolidate it with the *Brunner* action. For all the reasons stated in that Motion and its accompanying memoranda (ECF Nos. 140, 141, 150), and for the additional reason that Plaintiffs' concerns about expiring claims of potential opt-ins have been alleviated by Jimmy John's agreement to toll the statute of limitations, this Court should reassign *Watson* to its docket and consolidate it with *Brunner*. Jimmy John's will enter a stipulation regarding tolling if requested by the Court or Plaintiffs' counsel.

II. **Jimmy John's Requests That This Court Set A Schedule For Completion Of Discovery And Briefing On The Joint Employer Issue As Soon As Possible**

6. Immediately after the *Brunner* action was filed on July 28, 2014, Jimmy John's recognized that the joint employer issue would drive the size, scope, and potentially the outcome of this litigation, and began to craft a proposed trifurcated approach that would resolve that issue

---

[2] "Maatman Decl." refers to the Declaration of Gerald L. Maatman, Jr. filed concurrently herewith.

first, to be followed by a class certification and then a merits phase. On August 25, 2014, Jimmy John's counsel and the *Brunner* Plaintiffs' counsel conferred by phone regarding case management issues, including the possibility of a trifurcated approach. (*Brunner* ECF No. 45 ¶ 4.) The *Brunner* Plaintiffs were willing to consider such a proposal as long as Defendants were willing to toll the statute of limitations for the FLSA claims of putative collective action members. (*Id*. ¶ 4.) Following that call, Jimmy John's prepared a draft unopposed motion to trifurcate proceedings and tolling agreement, which it shared with the *Brunner* Plaintiffs' counsel on September 3, 2014. (*Id*. ¶ 5.) Despite months of effort, the parties were not able to agree on a proposed schedule that would allow the parties to decide the threshold joint employer issue before proceeding to class or merits discovery. (*See id*. ¶¶ 5-8, 10-11, 13-15, Exs. 5-6, 8-9.) As a result, the parties never reached an agreement on tolling, and no schedule has ever been agreed to or ordered by the Court.

   7. Despite the fact that the parties failed to agree on a proposed scheduling order, this Court recognized the outsize importance of the threshold joint employer issue, and ordered the parties to proceed with discovery on that issue only. (ECF No. 141 at 11.) Since that time, the parties have exchanged discovery responses and thousands of pages of documents relating to that issue. (Maatman Decl. ¶ 6.) Defendants noticed the named Plaintiffs' depositions on April 22, 2015. (*Id*. ¶ 7) On May 21, 2015, Plaintiffs' counsel advised Defendants' counsel that they objected to producing the named Plaintiffs for more than one deposition, and therefore refused to produce those witnesses relating only to the joint employer issue. (*Id.*) Defendants' counsel agreed to postpone scheduling those depositions until after the Court decided whether the named Plaintiffs would have to sit for more than one deposition. (*Id*. ¶ 8.) On June 9, 2015, the Court ordered that the depositions should proceed on the joint employer issue, and that the named

20528482v.3

Plaintiffs would have to sit for more than one deposition. (*Id.* ¶ 9.) On July 22 and 23, 2015, Defendants took the depositions of Emily Brunner and Caitlin Turowski, the named Plaintiffs in the *Brunner* action. (*Id.* ¶ 10.) To date, Plaintiffs have not noticed any depositions of any defense witnesses concerning the joint employer issue.

8. Jimmy John's respectfully requests that this Court enter a scheduling order for the consolidated *Brunner/Whiton* and *Watson* matters that will enable the parties to quickly and efficiently complete discovery concerning the joint employer issue and submit motions for summary judgment on that issue (prior to any other issues being determined).

9. Jimmy John's proposes the following schedule for the Court's consideration:

- Forty-five (45) days to complete all discovery on the joint employer issue;

- Following the close of discovery, Jimmy John's would have thirty (30) days to file a motion for summary judgment on this issue, Plaintiffs would have thirty (30) days to respond, and Jimmy John's would have fourteen (14) days to reply;

- Following the Court's decision on Jimmy John's motion for summary judgment, Jimmy John's would have sixty (60) days to respond to the *Watson* Plaintiffs' motion for conditional certification (if it remains in the case after any ruling on the joint employer issue);

- Following the Court's decision on the *Watson* Plaintiffs' motion for conditional certification, the parties would participate in a scheduling conference to determine the sequence and timing of discovery and briefing on the remaining class and merits issues.

10. In conjunction with Jimmy John's agreement to toll the statute of limitations as to the *Watson* Plaintiffs FLSA claims, this proposed schedule is fair to all parties because it allows for a quick and efficient resolution of the joint employer issue in one forum, while preserving the claims of potential opt-ins through the date of the Court's decision on the *Watson* Plaintiffs' motion for conditional certification. It will also avoid prejudice to Jimmy John's who, in the

absence of reassignment and consolidation, would have to litigate the same claims in two different courtrooms simultaneously.

11. In light of the overlapping central issues of joint employer liability and the lack of prejudice to Plaintiffs and potential opt-ins, this Court should reassign the *Watson* case and consolidate it with *Brunner*, and enter a scheduling order along the lines described above. In the alternative, if the Court does not order reassignment and consolidation of the *Watson* matter, Jimmy John's requests that the Court enter an expedited schedule to resolve the joint employer issue in the *Brunner* litigation along the lines described above.

WHEREFORE, for the reasons stated in its initial Motion and for the additional reason that Jimmy John's has agreed to toll the statute of limitations for potential opt-ins in *Watson*, Jimmy John's respectfully requests that this Court reassign the *Watson* matter to this Court's docket and consolidate it with the *Brunner* matter, and then set a schedule to resolve the joint employer issue as expeditiously as possible. In the alternative, Jimmy John's requests that the Court set a schedule to resolve the joint employer issue in the *Brunner* matter as expeditiously as possible and/or award any further relief that the Court deems just and appropriate.

**DATED: July 29, 2015**

Respectfully submitted,
JIMMY JOHN'S, LLC
JIMMY JOHN'S ENTERPRISES, LLC
JIMMY JOHN'S FRANCHISE, LLC

By:/s/ Gerald L. Maatman, Jr.
    One of Their Attorneys

20528482v.3

Gerald L. Maatman, Jr.
Jennifer A. Riley
Matthew J. Gagnon
Giselle Perez de Donado
Jason J. Englund
S<small>EYFARTH</small> S<small>HAW</small> LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603-5577
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

20528482v.3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July, 2015, I electronically filed the foregoing **Renewed Motion For Reassignment And Consolidation And To Address The Issue Of Tolling, And To Set a Schedule To Complete Discovery And Briefing On The Joint Employer Issue** with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, including the following:

Kathleen Currie Chavez
Kevin Paul Noll
Peter Lawrence Currie
Robert M. Foote
Foote, Mielke, Chavez & O'Niel, LLC
10 West State St., Suite #200
Geneva, IL 60134

Andrew Kopon , Jr.
Colette Lynn Kopon
Eleonora Paloma Khazanova
Kopon Airdo, LLC
233 S. Wacker Drive
Suite 4450
Chicago, IL 60606

Mary-Christine Sungaila
Snell & Wilmer LLP
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626

Matthew Scott Disbrow
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
Detroit, MI 48226

Myron Milton Cherry
Jacie C. Zolna
Myron M. Cherry & Associates
30 North LaSalle Street
Suite 2300
Chicago, IL 60602
(312) 372-2100

Anand C. Mathew
Honigman Miller Schwartz and Cohn LLP
One South Wacker Dr., 28th Floor
Chicago, IL 60606

I further certify that on this 29th day of July, 2015, I served the foregoing **Renewed Motion For Reassignment And Consolidation And To Address The Issue Of Tolling, And**

9

20528482v.3

**To Set a Schedule To Complete Discovery And Briefing On The Joint Employer Issue** on

the following via e-mail and First Class United States Mail:

Drew Legando
Jack Landskroner
Landskroner Grieco Merriman LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-900
F. (216) 522-9007
drew@lgmlegal.com
jack@lgmlegal.com

Justin M. Swartz
Michael N. Litrownik
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
T. (212) 245-1000
F. (646) 509-2060
JMS@outtengolden.com
mlitrownik@outtengolden.com

Alan L. Quiles
Gregg I. Shavitz
Shavitz Law Group, P.A.
1515 S. Federal Highway
Suite 404
Boca Raton, FL 33432
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
561-447-8831 (fax)
aquiles@shavitzlaw.com
gshavitz@shavitzlaw.com

Seth R Lesser
Fran L Rudich
Klafter Olsen & Lesser LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
914-934-9200
914-934-9220 (fax)
slesser@klafterolsen.com
fran@klafterolsen.com

Douglas M. Werman
Maureen Ann Salas
Werman Salas P.C.
77 West Washington
Suite 1402
Chicago, IL 60602
312-419-1008
312-419-1025 (fax)
dwerman@flsalaw.com
msalas@flsalaw.com

/s/ Gerald L. Maatman, Jr.
Gerald L. Maatman, Jr

20528482v.3