**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EMILY BRUNNER and CAITLIN, TUROWSKI, individually and on behalf of all persons similarly situated, as Class/Collective representatives | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | 14 C 5509 |
| JIMMY JOHN'S, LLC; JIMMY JOHN'S ENTERPRISES, LLC; JIMMY JOHN'S FRANCHISE, LLC; JS FORT GROUP, INC.; JEFFREY S. FORT; JJ SEVERSON, AFFILIATES FIVE, INC.; JJ SEVERSON, AFFILIATES, INC.; TODD SEVERSON; and BOOKE SEVERSON, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |
| ALEXANDER WHITON, individually and on behalf of all persons similarly situated, as Class/Collective representative, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | 15 C 1681 |
| JIMMY JOHN'S, LLC; JIMMY JOHN'S ENTERPRISES, LLC; JIMMY JOHN'S FRANCHISE, LLC; JJ SEVERSON AFFILIATES FIVE, INC.; JJ SEVERSON AFFILIATES, INC.; TODD SEVERSON; and BOOKE SEVERSON, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

# **ORDER**

Now before the Court is Jimmy John's[1] Second Renewed Motion for Reassignment and Consolidation [193] seeking to consolidate with this action another class action pending before Judge Bucklo, *Watson v. Jimmy John's, LLC*, 15-cv-6010 [hereinafter *Watson*]. Plaintiffs Emily Brunner, Caitlin Turowski, and Alexander Whiton (the "Brunner Plaintiffs") do not oppose, but the Franchisee Defendants[2] do oppose consolidation of *Watson* with this case, as do the *Watson* Plaintiffs.

For the reasons in the Statement below, this Court concludes that the requirements for consolidation under Fed. R. Civ. P. 42 and Local Rule 40.4 have been met. Accordingly, Jimmy John's motion to consolidate [193] is granted; all notice proceedings are stayed pending this Court's resolution of the proper notice and consent forms for the newly consolidated action; and the Brunner Plaintiffs' Motion to Approve Notice [202] and Jimmy John's Motions for an Extension of Time to Provide a Notice Form and Identifying Information and for Coordination [204] and for Approval of Harmonized Form and Method of Notice [214] are denied as moot. All parties are directed to file proposed notice, reminder notice, and consent forms for the newly consolidated action by January 19, 2016, to be discussed at the next status conference on January 26, 2016.

---

[1] Jimmy John's LLC; Jimmy John's Enterprises, LLC.; and Jimmy John's Franchise, LLC (collectively "Jimmy John's").

[2] JS Fort Group, Inc. and Jeffrey S. Fort; JJ Severson Affiliates Five, Inc.; JJ Severson Affiliates, Inc.; Todd Severson; and Brooke Severson (collectively, the "Franchisee Defendants").

## STATEMENT

Plaintiffs Brunner and Turowski originally brought this action in July 2014, on behalf of themselves and similarly situated employees, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and certain Illinois state wage and hour laws by defendants Jimmy John's Enterprises, Inc. and JS Fort Group, Inc. *See* Dkt. 1. After Brunner and Turowski filed amended complaints joining the remaining defendants, *see* Dkts. 21, 67, on March 12, 2015, the Court granted plaintiff Alexander Whiton's Motion for Reassignment and Consolidation [87], and Whiton's action against Jimmy John's and the Severson franchisees[3] pending before Judge Der-Yeghiayan (No. 15 C 1681) was consolidated with Brunner and Turowski's case. *See* Dkt. 103. Meanwhile, on March 2, 2015, plaintiff Scott Watson filed in the U.S. District Court for the Southern District of Ohio a similar action against Jimmy John's alleging violations of the FLSA and certain Ohio state wage laws. *See Watson* Dkt. 1. The Ohio district court transferred that case to this district, explaining as follows:

> Despite the claims that differ between the two suits, the core claim is the same—an unpaid overtime FLSA action brought individually by plaintiffs and on behalf of a nationwide class. . . . Although there may be differences between the two actions, the Court cannot ignore the substantial overlap. Thus, "a decision from this Court would not only tend to frustrate the legitimate aim of preserving judicial economy, as substantially the same evidence would be presented in both actions . . . but also it poses the possibility of inconsistent opinions."

*Watson* Dkt. 39 (July 8, 2015), at 6-7 (quoting *Buffalo Wild Wings, Inc. v. BW Rings, LLC*, No. 2:10-cv-335, 2010 WL 4919759, at *3 (S.D. Ohio Nov. 29, 2010)).

---

[3] JJ Severson Affiliates Five, Inc.; JJ Severson Affiliates, Inc.; Todd Severson; and Brooke Severson.

After *Watson* was assigned to Judge Bucklo, Jimmy John's twice sought reassignment of that case to this Court and its consolidation with *Brunner*, *see* Dkts. 140, 152, but this Court denied those motions without prejudice pending FLSA collective certification and notice proceedings that were then underway in *Watson*. *See* Dkts. 151, 160. Since then, the FLSA collectives in both *Watson* and *Brunner* have been conditionally certified, notice to those collectives has been ordered in both cases, and the *Watson* Plaintiffs' proposed notice has been approved. *See* Dkt. 192 and *Watson* Dkts. 100, 112, 133. But, while this Court directed the *Brunner* parties to meet and confer "to harmonize the notice proposed for this lawsuit with that used in *Watson*," Dkt. 192 at 14, they have so far been unable to do so, with both Jimmy John's and the Brunner Plaintiffs filing competing motions for approval of differing notices, *see* Dkts. 202, 214, and the *Watson* Plaintiffs seeking to dispatch their own notice for the *Watson* case alone. Watson Opp., Dkt. 210, at 6. With this impasse, this Court concludes that the time has come to consolidate the *Brunner* and *Watson* actions, in order to facilitate and expedite the notice process in both cases, and coordinate and streamline discovery and future proceedings.

Fed. R. Civ. P. 42 provides for consolidation of cases that "involve a common question of law or fact." Northern District of Illinois Local Rule 40.4 further provides for reassignment of cases that "involve some of the same issues of fact or law," or "in class action suits," where "one or more of the classes involved in the cases is or are the same," provided "(1) both cases are pending in this Court; (2) the handling of both

4

cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." While there are some differences between *Brunner* and *Watson*, the substantial similarity between the two cases is undeniable, as evidenced by the Ohio district court's transfer of *Watson* to this district due to its overlap with *Brunner*. At a minimum, *Brunner* and *Watson* both involve FLSA claims for unpaid overtime based on highly similar allegations asserted on behalf of nationwide FLSA collectives of Jimmy John's assistant store managers. Thus, there can be little debate that the requirements of Fed. R. Civ. P. 42 and L.R. 40.4 are met.

The Franchisee Defendants in *Brunner* nevertheless oppose consolidation on two grounds. First, they argue that "the claims in these separate cases do not neatly overlap and the parties are materially different." Dkt. 209, at 11. But the claims need not "neatly overlap." Rather, Rule 42 requires only "*a* common issue of law or fact," and Local Rule 40.4 requires only "*some* of the same issues of fact or law" (not *all* the same). Thus, while *Watson* involves certain Ohio claims and classes not in *Brunner*, and *Brunner* involves certain Illinois claims and classes not in *Watson*, the requirements of Rule 42 and L.R. 40.4 are met nonetheless. Similarly unpersuasive is the Franchisee Defendants' argument that the parties in the two cases "are not the same" because "the Franchisee Defendants are not 'Defendants' in the *Watson* case."

5

*Id*. at 1, 5, 6, 9.  That does not diminish the fact that both cases involve nationwide FLSA collectives of Jimmy John's assistant store managers seeking unpaid overtime which would plainly benefit from consolidation.  Even the Franchisee Defendants concede that "some confusion regarding a nationwide class might be avoided if notices regarding the claims against Jimmy John's were consolidated." *Id*. at 11.

The Franchisee Defendants next argue that, despite their substantial overlap, the Court should not order consolidation because it would cause them prejudice, or in their words, "it could spell financial ruin for the Franchisee Defendants." *Id*. at 2-3, 11-13.  The potential prejudices they identify have little to do with consolidation, however, since they are already factors in the action in which the Franchisee Defendants are currently joined, which this Court has already acknowledged and committed to address.  For instance, they complain that consolidation would "unfairly increase the Franchisee Defendants' litigation costs through expanded discovery," and "raises the specter of further procedural prejudice to the Franchisee Defendants to the extent Plaintiffs may seek to use discovery obtained as part of their putative national class or collective action against Jimmy John's against the Franchisee Defendants who are not parties to a nationwide collective or class action." *Id*. at 13.  But the Franchisee Defendants *are already* joined in an action involving a nationwide FLSA collective in which nationwide discovery will be sought and used.  And this Court remains committed to structuring this case (and the consolidated action) so as to spare the Franchisee Defendants, to the extent possible, from participating in discovery and

other proceedings, and from being subjected to evidence, inapplicable to them. The same holds for their complaint about being included in a notice describing a nationwide FLSA collective.[4] Indeed, the Franchisee Defendants acknowledge that the *Brunner* Plaintiffs have already proposed such a notice that "includes both Jimmy John's and the Franchisee Defendants." *Id*. at 12. While the Court can certainly assure that an accurate notice is crafted in *Brunner*, if notice in the two cases is to be harmonized (as the Court believes should be done), it would be better positioned to protect all parties' interests (including the Franchisee Defendants' interests) if all parties crafting and sending such notices are joined before this Court.

Which brings the Court to the *Watson* Plaintiffs' objection to consolidation, since their argument focuses solely on the notice process. The *Watson* Plaintiffs similarly contend that they would be prejudiced by consolidation, but not because of *Brunner's* national scope (since *Watson*, too, involves a nationwide FLSA collective). Rather, they complain that "the process of harmonizing the proposed *Watson* notice with *Brunner* counsel's notice will cause further delay and quite possibly significant delay." Dkt. 210 at 6. Thus, they say, Jimmy John's current (third) request to consolidate the two actions "jumps the gun." *Id*. at 3. In other words, the *Watson*

---

[4] The Franchisee Defendants remind the Court that "through very long and costly motion practice, the Franchisee Defendants were finally able to get the Plaintiffs to separate out their nationwide claims against Jimmy John's" from the Illinois FLSA collective and Illinois state class claims now asserted against the Franchisee Defendants. *Id*. at 8. Contrary to their suggestion, however, consolidation would not "undo all of this work," *id*., since, as the Franchisee Defendants also remind the Court, the *Watson* plaintiffs "assert no claims against them." *Id*. at 5.

Plaintiffs do not oppose consolidation altogether, but they do oppose it now, or at least until they are able to dispatch their notice alerting a nationwide FLSA collective about their case alone. But while that may seem expedient at the moment, in this Court's view, it would not serve the parties or collectives in either case.

It is clear to this Court that the notices in both actions need to be harmonized (if not consolidated), so as to prevent "confusion among the recipients as to whether the suits cover the same claims; whether they might recover twice; and whether it is necessary to opt-in to both or risk forfeiting some rights." Dkt. 192 at 13. It is also clear to this Court that the best way to prevent delay (as opposed to causing it) is to consolidate the *Brunner* and *Watson* actions now, lest the notice proceedings and related motion practice in both cases drag on for weeks or months in separate courts. And while the Court is mindful that a notice form has already been approved in *Watson*, the Court also understands that the *Watson* Plaintiffs are still in the process of collecting information identifying the intended recipients and have not yet begun to issue that notice. *See* Dkt. 210 at 3; *Watson* Dkts. 134, 137. Now is thus the best time to consolidate the actions, working with the *Watson* notice as a blueprint, so all parties' positions regarding that notice may be entertained in one proceeding. Moreover, the Court has endeavored to conduct that process quickly, directing all parties to provide any alternative notice for the consolidated action by January 19, 2016, to be discussed at the next status on January 26, 2016. *See* Dkt. 219. The Court is hopeful that delay, and certainly "significant delay," can thereby be avoided.

8

## CONCLUSION

For the foregoing reasons, Jimmy John's Second Renewed Motion for Reassignment and Consolidation [193] is granted; all notice proceedings are stayed pending this Court's resolution of the proper notice and consent forms for the newly consolidated action; the Brunner Plaintiffs' Motion to Approve Notice [202] and Jimmy John's Motions for an Extension of Time to Provide a Notice Form and Identifying Information and for Coordination [204] and for Approval of Harmonized Form and Method of Notice [214] are denied as moot; and all parties are directed to file proposed notice, reminder notice, and consent forms for the newly consolidated action by January 19, 2016, to be discussed at the next status conference on January 26, 2016.

_____

Dated: January 14, 2016        Charles P. Kocoras
                               United States District Judge