IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>Jimmy John's Overtime Litigation | Case Nos. 14-cv-5509, 15-cv-1681, and 15-cv-6010<br><br>Honorable Charles P. Kocoras<br><br>Magistrate Judge Jeffrey Cole |

**JIMMY JOHN'S REPLY IN SUPPORT OF ITS MOTION
TO ENFORCE THE ORDER REGARDING NOTICE AND TO PROHIBIT
DISSEMINATION OF CONTACT INFORMATION TO PLAINTIFFS' COUNSEL**

The Stipulation and Order Regarding Procedure for Dissemination of Notice to Members of Putative Collective Action (the "Order") was the subject of deliberate, extensive, and prolonged negotiation among the parties and reflects Jimmy John's[1] precautions to protect the confidentiality of contact information of putative collective action members ("Contact Information") in order to minimize the harm to itself and its franchisees. The Order provides the following:

*First*, Jimmy John's "shall produce *to the Claims Administrator* on an attorney's eyes only basis a list containing the (a) names, (b) last known mailing addresses, (c) last known telephone numbers, (d) last known email addresses, and (e) last four digits of the social security numbers of Putative Plaintiffs . . ." (ECF No. 250 ¶ 3) (emphasis added).

---

[1] Defendants Jimmy John's, LLC, Jimmy John's Enterprises, LLC ("JJE"), and Jimmy John's Franchise, LLC ("JJF") are referred to collectively herein as "Jimmy John's." JJF is the franchisor of the Jimmy John's brand. JJE owns the intellectual property associated with the brand, but does not have any direct contractual relationship with Jimmy John's franchisees. Jimmy John's, LLC is a holding company, and does not conduct operations of any kind.

***Second***, *after* the 90 day opt-in period, the "Claims Administrator shall disclose to the parties, *including Plaintiffs' counsel*," Contact Information for "all Putative Plaintiffs who submit an Opt-In Consent form." (*Id.* ¶ 9) (emphasis added.)

***Third***, notice "shall *not* be disseminated in any manner other than as set forth in this order . . ." (*Id.* ¶ 11.)

These provisions are entirely inconsistent with the new head-snapping reversal asserted by Plaintiffs' counsel in their Opposition to Defendants' Motion to Enforce the Order ("Opposition"). Instead, Plaintiffs request that the Court adopt a strained interpretation of these provisions to give the Order a meaning which was not intended by the parties. Plaintiffs make two arguments, both of which must be rejected.

First, Plaintiffs argue that because the Contact Information was designated "Attorneys' Eyes Only" pursuant to the Agreed Confidentiality Order entered in this case (ECF No. 113), the parties must have intended that information to be shared with Plaintiffs' counsel. That interpretation defies logic – a confidentiality designation is a *restriction* on how information is shared, not a license – and it is contrary to the plain meaning of the Order. The Order allows Plaintiffs' counsel access to Contact Information relating to any putative plaintiff who chooses to opt-in to this lawsuit. Jimmy John's designated this information "Attorneys' Eyes Only" because that is the level of confidentiality it should have when some of it is eventually shared with Plaintiffs' counsel.

Second, Plaintiffs argue that the Court should toss aside the agreed-upon language of the Order so that Plaintiffs' counsel can access the Contact Information of thousands of putative collective action members for unspecified "discovery." In effect, they are seeking unfettered and unsupervised access to the entire population of the collective action before some of those

2

putative plaintiffs have joined this lawsuit. This is unnecessary and contrary to the Order, which ensures that the "joinder of additional parties . . . is accomplished in an efficient and proper way" through a neutral Claims Administrator, and protects the privacy interests of putative collective action members and Jimmy John's (and its franchisees') business interests. *Howard v. Securitas Sec. Servs., USA Inc.*, 630 F. Supp. 2d 905, 907 (N.D. Ill. 2009) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989)). The Court should reject Plaintiffs' attempt to wrest control of the notice process from the Court's supervision.

## ARGUMENT

### A. The Court Should Reject Plaintiffs' Argument That They Are Entitled To The Contact Information Simply Because It Is Designated "Attorneys' Eyes Only"

First, Jimmy John's designation of the Contact Information as "Attorneys' Eyes Only" does not indicate that the parties intended that *all* of the Contact Information would be shared with Plaintiffs' counsel. The Agreed Confidentiality Order defines "Attorneys' Eyes Only" information as "highly sensitive business or commercial information or trade secrets that the designating party in good faith believes that CONFIDENTIAL status would not provide sufficient protection." (ECF No. 113 ¶ 2.) It is first and foremost a designation regarding the *type* of information that is at issue. That is, "Attorneys' Eyes Only" is simply the label that the parties chose to apply to the most sensitive category of information to be exchanged in this action. Because of the damage that this information could inflict on the business relationships of non-party franchisees – as well as Jimmy John's relationships with those franchisees – it should be afforded the highest level of protection when it is eventually shared with Plaintiffs' counsel (solely for those who choose to join the lawsuit as an opt-in).

Second, Paragraph 5(b) of the Agreed Confidentiality Order relied upon by Plaintiffs for the proposition that the "'Attorneys' Eyes Only' definition specifically *includes* Plaintiffs'

3

counsel," is *not* the definition of "Attorneys' Eyes Only" information. Rather, this paragraph governs disclosure of confidential and attorneys' eyes only information by "*the parties and counsel for the parties*" to third-parties – not the other way around. The provision cited by Plaintiffs states:

> **(b)    Limited  Third-Party Disclosures.** *The parties and counsel for the parties shall not disclose* or permit the disclosure of any material designated as "CONFIDENTIAL" to any third person or entity except as set forth in subparagraphs (1)-(9). Material designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any third person or entity except as set forth in subparagraphs (1), (3)-(6), and (8)-(9).  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:
>
>     (1)    Counsel.  Counsel for the parties and employees of counsel who have responsibility for the  action . . .

(ECF No. 113 ¶ 5(b)) (emphasis added). Accordingly, the plain terms of this provision allow for "limited third-party disclosures" by a party of "Attorneys' Eyes Only" information to its own counsel and counsel's employees – but certainly does not require disclosure of "Attorneys' Eyes Only" information by a third party, such as the Claims Administrator, to Plaintiffs' counsel.

Third, Plaintiffs request that this Court disregard the negotiated resolution among the parties, which clearly demonstrates an intent that the entirety of the Contact Information should only be provided to the Claims Administrator (and not Plaintiffs' counsel). The Seventh Circuit has held, in a similar circumstance, that the construction of an agreed-upon consent decree should be treated like that of a contract, and the touchstone for the court in construing such a decree should be to discern the intent of the parties in entering into such an agreement. *Freedman v. Air Line Stewards & Stewardesses Assoc., Local 550, TWU, AFL-CIO*, 730 F.2d 509, 515 (7th Cir. 1984) ("In order to accomplish this, the construing court may look not only to

4

the decree itself but to the circumstances surrounding the negotiation and formation of the Settlement Agreement.") (citations omitted).

Plaintiffs do not refute that their initial position was that Jimmy John's would produce Contact Information to "Plaintiffs" rather than the Claims Administrator. (ECF No. 236-1 ¶ 3.) Plaintiffs' proposed notice stipulation also did not include any provision that Plaintiffs would eventually obtain putative collective action member information for "all Putative Plaintiffs who submit an Opt-In Consent form." *Cf.* (ECF No. 250 ¶ 9.)

The Order that was eventually agreed to, however, reflected the parties' negotiated agreement on these points – notably, that Jimmy John's would initially produce the Contact Information directly to the Claims Administrator and that after the 90 day opt-in period, the Claims Administrator will disclose to the parties, including Plaintiffs' counsel, Contact Information for "all Putative Plaintiffs who submit an Opt-In Consent form." (*Id.* ¶ 9.)

Plaintiffs' argument that it is entitled to the Contact Information simply because it has been designated "Attorneys' Eyes Only" is undermined by both the plain language of the Order and the course of the parties' negotiations, which evidences the intent of the parties.

> **B.** **Plaintiffs' Argument That They Are Entitled To The Contact Information Of Thousands Of Putative Collective Action Members Simply Because They Are "Witnesses," Without Further Justification, Underscores The Necessity That The Order Be Enforced As Written**

Plaintiffs' admission that they fully intend to contact members of the putative collective action who have not yet opted-in to the case for unspecified "discovery" only underscores the importance of restricting the notice process to the Court-approved Order, which will limit "opportunities for abuse." *Howard*, 630 F. Supp. 2d at 907 (quoting *Hoffmann-La Roche Inc.*, 493 U.S. at 171. This is especially true because Plaintiffs' Opposition does not offer a *single reason why* – aside from the fact that "potential class [sic] members are witnesses with relevant

information" (Plaintiffs' Opposition, at 4) – that discovery of thousands of putative collective action members is necessary, or what purpose such "discovery" would serve.

First, Plaintiffs' argument that they are *entitled* to this discovery under Federal Rule of Civil Procedure 26 is a clear misstatement of the law. The Supreme Court has clearly held that in the analogous situation under Rule 23, putative class members' names and addresses do not fall within the allowable scope of discovery pursuant to Fed. R. Civ. P. 26(b)(1), explaining, "we do not think that the discovery rules are the right tool for this job." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978). Rather, the Supreme Court held that the disclosure of this type of information properly belongs to the realm of court-supervised class notice procedures under Rule 23(d), which vests the district court with the authority to "order one of the parties to perform the tasks necessary to send notice." *Id*. at 354-55. The Supreme Court did provide a narrow opening: "There may be instances where this information could be relevant to issues that arise under Rule 23 [e.g., numerosity, common questions and adequacy of representation], or where a party has reason to believe that communication with some members of the class could yield information bearing on these issues or other issues" but this applies only where a plaintiff makes a "claim[] of relevance." *Id*. at 354 n.20. But even in those instances, the Supreme Court cautioned that it likely would not "require compilation of the names and address of all members of a large class." *Id*. (emphasis in original).

Like in *Oppenheimer*, Plaintiffs "make no such claims of relevance, however, and none is apparent here." *Id*. In fact, Plaintiffs do not offer a single reason as to *why* they require the Contact Information of putative collective action members who will not become part of this lawsuit. Rather, Plaintiffs simply argue that the information is discoverable because putative collective action members are "witnesses" who may have "relevant information." (Plaintiffs'

6

Opposition, at 4). This reasoning, or lack thereof, is plainly insufficient. *See e.g.*, *Swelnis v. Universal Fid. L.P.*, No. 13-CV-104, 2014 WL 1571323, at *3 (N.D. Ind. Apr. 17, 2014) (noting "it is usually inappropriate for a Court to order a defendant to hand over name and address information for *all* the potential class members" and that plaintiff's reason for wanting the name and address information to establish numerosity under Rule 23 was "puzzling") (citations omitted). In addition, Plaintiffs will eventually obtain the contact information for "all Putative Plaintiffs who submit an Opt-In Consent form" after the 90 day opt-in period. (ECF No. 250 ¶ 9.) It is those people – not those who choose *not* to join – who will determine the scope of Plaintiffs' claims and may have discoverable information. It is unclear what discoverable information the Contact Information will provide that the actual opt-ins cannot.

Second, the Seventh Circuit has expressed that the concern for abuse following disclosure of contact information of putative collective action members is "legitimate" and "presents a potential justification for the district court's limitations on discovery." *See Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 759 (7th Cir. 2000). Accordingly, "a district court's decision . . . must involve a careful balancing of the potential for abuse created by the class action and the right of the plaintiffs to contact potential class members." *Id.* (citation omitted).

Plaintiffs' counsel have provided no reason for why they need the Contact Information, and therefore have failed to establish how their interests outweigh the significant privacy concerns of putative collective action members and Jimmy John's legitimate interest in protecting its franchisees (who are not parties), and franchisees' employees, from being dragged unwillingly into this case. *See Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 554 (N.D. Ill. 2008) ("[I]n considering Defendants' privacy concerns, the Court must weigh *whether Plaintiffs have a compelling need for discovery, and if so, whether that need outweighs the privacy rights*

7

*at issue*. Simply because the discovery sought is relevant does not automatically entitle a plaintiff to the information.") (emphasis added) (citation omitted).

Third, the cases cited by Plaintiffs allowing discovery of collective action member information do not hold, as Plaintiffs suggest, that contact information was discoverable because "potential class members are witnesses with relevant information." (Plaintiffs' Opposition, at 4.) Instead, these cases allowed discovery of contact information, of collective actions much smaller than at issue here, only because the information was necessary to conduct notice.[2] Plaintiffs' cases stand in direct contrast to the situation here, where Jimmy John's has already produced the Contact Information of *tens of thousands* of employees to the Claims Administrator to provide notice.[3]

The Court should reject Plaintiffs request to obtain the Contact Information where they explicitly agreed, and the Court ordered, that it would only obtain Contain Information of putative collective action members who choose to opt-in, and Plaintiffs have failed to articulate a legitimate reason why they are entitled to the Contact Information prior to the expiration of the 90 day opt-in period.

---

[2] *See e.g.*, *Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784, 2012 WL 2108220, at *2 (S.D.N.Y. June 11, 2012) (allowing the disclosure of putative collective action members' telephone numbers and e-mail addresses for interns who worked on a total of five movies sets because it was "appropriate to facilitate the speedy collection of data so that [plaintiffs] may quickly move for conditional certification and potentially begin the opt-in process."); *Capsolas v. Pasta Res., Inc*., No. 10 Civ. 5595,,2011 WL 1770827, at *5 (S.D.N.Y. May 9, 2011) (directing defendants to produce the telephone numbers of potential opt-in plaintiffs, tipped-employees at five restaurant locations, in order to provide notice); *Whitehorn v. Wolfgang's Steakhouse, Inc*., No. 09 Civ. 1148, 2010 WL 2362981, at *3 (S.D.N.Y. June 14, 2010) (holding that in the case of tipped employees working at a single restaurant location that "the disclosure of putative class members' last known telephone numbers is appropriate to facilitate the speedy collection of data so that Plaintiff may quickly move for conditional certification and potentially begin the opt-in process.").

[3] In addition, the cases cited by Plaintiffs for the proposition that a third party administrator is not required (*See* Plaintiffs' Opposition at 5) are clearly irrelevant here where Plaintiffs do not dispute the necessity of a claims administrator. In fact, Plaintiffs' Opposition makes clear that they hired Epiq Systems, Inc. as claims administrator to conduct notice. (*See* Plaintiffs' Opposition at 1).

## **CONCLUSION**

Accordingly, the Court should enforce the Order and prohibit the Claims Administrator from providing Contact Information to Plaintiffs or Plaintiffs' counsel in violation of the Order.

| | |
|---|---|
| **DATED: April 4, 2016** | Respectfully submitted,<br>JIMMY JOHN'S, LLC<br>JIMMY JOHN'S ENTERPRISES, LLC<br>JIMMY JOHN'S FRANCHISE, LLC<br><br>By:/s/ Gerald L. Maatman, Jr.<br>    One of Their Attorneys |

Gerald L. Maatman, Jr.
Matthew J. Gagnon
Christina M. Janice
Peter J. Wozniak
Thomas E. Ahlering
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603-5577
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of April, 2016, I electronically filed the foregoing **JIMMY JOHN'S REPLY IN SUPPORT OF ITS MOTION TO ENFORCE THE ORDER REGARDING NOTICE AND TO PROHIBIT DISSEMINATION OF CONTACT INFORMATION TO PLAINTIFFS' COUNSEL** with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, including the following:

Kathleen Currie Chavez
Kevin Paul Noll
Peter Lawrence Currie
Robert M. Foote
Foote, Mielke, Chavez & O'Niel, LLC
10 West State St., Suite #200
Geneva, IL 60134

Andrew Kopon , Jr.
Colette Lynn Kopon
Eleonora Paloma Khazanova
Kopon Airdo, LLC
233 S. Wacker Drive
Suite 4450
Chicago, IL 60606

Mary-Christine Sungaila
Snell & Wilmer LLP
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626

Matthew Scott Disbrow
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
Detroit, MI 48226

Myron Milton Cherry
Jacie C. Zolna
Myron M. Cherry & Associates
30 North LaSalle Street
Suite 2300
Chicago, IL 60602
(312) 372-2100

Anand C. Mathew
Honigman Miller Schwartz and Cohn LLP
One South Wacker Dr., 28th Floor
Chicago, IL 60606

Drew Legando
Jack Landskroner
Landskroner Grieco Merriman LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-900
F. (216) 522-9007
drew@lgmlegal.com
jack@lgmlegal.com

Justin M. Swartz
Michael N. Litrownik
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
T. (212) 245-1000
F. (646) 509-2060
JMS@outtengolden.com
mlitrownik@outtengolden.com

10

| | |
|---|---|
| Alan L. Quiles<br>Gregg I. Shavitz<br>Shavitz Law Group, P.A.<br>1515 S. Federal Highway<br>Suite 404<br>Boca Raton, FL 33432<br>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<br>561-447-8831 (fax)<br>aquiles@shavitzlaw.com<br>gshavitz@shavitzlaw.com | Seth R. Lesser<br>Fran L. Rudich<br>Klafter Olsen & Lesser LLP<br>Two International Drive, Suite 350<br>Rye Brook, NY 10573<br>914-934-9200<br>914-934-9220 (fax)<br>slesser@klafterolsen.com<br>fran@klafterolsen.com |
| Douglas M. Werman<br>Maureen Ann Salas<br>Werman Salas P.C.<br>77 West Washington<br>Suite 1402<br>Chicago, IL 60602<br>312-419-1008<br>312-419-1025 (fax)<br>dwerman@flsalaw.com<br>msalas@flsalaw.com | |

/s/ Gerald L. Maatman, Jr.
Gerald L. Maatman, Jr.

11