**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: Jimmy John's Overtime Litigation | Case Nos.  14-CV-5509<br>15-CV-1681<br>15-CV-6010<br><br>Hon. Charles P. Kocoras<br><br>Magistrate Judge Schenkier |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO
COMPEL COMPLIANCE WITH SUBPOENA AGAINST SUB SHOP, INC.**

Plaintiffs need the names and contact information of Assistant Managers ("AMs") who work or worked for Sub Shop, Inc. ("Sub Shop") because these AMs are entitled to receive notice of this action under orders issued by two federal judges. *Brunner*, ECF No. 192 at 14-15 (Kocoras, J.); *Watson*, ECF No. 112 at 12-13 (Bucklo, J.). Sub Shop's objections to Plaintiffs' subpoena (the "Subpoena") seeking this information are without merit. As Judge Kocoras specifically noted in his June 27, 2016 order, Plaintiffs' subpoenas to non-parties like Sub Shop to gather contact information to disseminate notice "would appear to be proper discovery." ECF No. 309 at 5-6. The Court should overrule Sub Shop's objections and order it to promptly provide the AMs' contact information.

**I.      Plaintiffs' Subpoena Is Not Unduly Burdensome and Duplicative.**

Sub Shop is wrong that the Subpoena is burdensome or duplicative. It seeks specific, time-limited information that is indisputably in Sub Shop's possession. *See* ECF No. 338 (Sub Shop Mem. in Opp.) at 11 (Sub Shop admits it keeps employments records for its AMs). Sub Shop has identified no specific burden or provided any support for the notion that "compliance

would threaten the normal operation of [its] business." *EEOC v. Quad/Graphics*, 63 F.3d 642, 645 (7th Cir. 1995).

Sub Shop's claim that the contact information Plaintiffs seek overlaps with the information provided by Defendants is not a valid objection, especially given its failure to demonstrate burden. Moreover, once Sub Shop produces the requested information to the claims administrator, the parties can determine whether there is any overlap, and if so, remove any duplicate names.

## II. Plaintiffs' Subpoena Is Not Overbroad, Vague, or Ambiguous.

The Subpoena is targeted and clear. It seeks documents sufficient to show Sub Shop's AMs' last known mailing address, last known telephone number, last known personal and work e-mail addresses, and the last four digits of his or her social security number. In other words, it seeks a simple list of contact information about Sub Shop's employees from a time-limited period that Sub Shop does not deny is obtainable from its own employment records.

## III. Plaintiffs' Subpoena Seeks "Proper Discovery" and Relevant Information.

The Subpoena seeks relevant information because Sub Shop's AMs are potential members of the FLSA collective that two judges have conditionally certified. *Brunner*, ECF No. 192 at 14-15; *Watson*, ECF No. 112 at 12-13. Sub Shop's objection that Plaintiffs must first prove joint-employment status ignores these orders and puts the cart before the horse.

Sub Shop's argument that the Subpoena seeks contact information for all AMs regardless of how the AM "was classified" ignores the definition of AMs in the Subpoena itself. ECF No. 292-1 (Subpoena) (AM defined as those "*who are or were classified as exempt* from federal and state wage and hour laws") (emphasis added).

**IV.    Sub Shop's Joint Employer Arguments Are Irrelevant.**

Sub Shop's argument that Plaintiffs must establish that Defendants are a joint employer before its AMs should receive notice has been definitively rejected by both Judge Bucklo and Judge Kocoras. *See Watson*, ECF No. 100 at 3 (Bucklo, J.) ("Similarly, defendants' insistence that notice should not issue until the question of joint-employer liability is resolved is without merit.  I agree with plaintiff that that issue goes to the merits of his claims, and that it will require discovery, which may appropriately be tailored to the plaintiffs who opt-in to the case after class notice issues."); *accord Brunner*, ECF No. 192 at 8, 10 (Kocoras, J.).

As Courts routinely hold, the FLSA collective action process encompasses two stages.  In the first stage, notice issues and AMs have the opportunity to join the case and stop their FLSA statutes of limitation from running.  *Perez v. Comcast*, No. 10 Civ. 1127, 2011 WL 5979769, at *2 (N.D. Ill. 2011).  The merits of a claim are not relevant at this stage. *Larsen v. Clearchoice Mobility*, No. 11 Civ. 1701, 2011 WL 3047484, at *1 (N.D. Ill. July 25, 2011).

At the second stage, after the conclusion of the opt-in process and class discovery, the Court "more rigorously reviews whether the representative plaintiff and the putative claimants are in fact similarly situated so that the lawsuit may proceed as a collective action."  *Tamas v. Family Video Movie Club, Inc.*, No. 11 Civ. 2024, 2013 WL 4090649, at *3 (N.D. Ill. Aug. 13, 2013).

Sub Shop's reliance on *Rosales v. Placers, Ltd.*, No. 09 Civ. 1706, 2011 WL 846082 (N.D. Ill. Mar. 8, 2011), is misplaced because the plaintiffs there sought discovery from a non-party for merits purposes.  *Id.* at *4.  Here, by contrast, Plaintiffs seek AM contact information from Sub Shop because Sub Shop's AMs are entitled to receive notice of this action under the orders of two federal judges.

Sub Shop's argument that there are "sufficient Opt-In Plaintiffs to resolve the joint employer issue without sending notices to Sub Shop's ASMs," ECF No. 338 at 12, ignores the Court's ruling at the July 18th conference (at which counsel for Sub Shop was present) that opt-ins who join the case from future notice mailings will be part of the representative discovery sample. Ex. A to the Reply Declaration of Justin M. Swartz (July 18, 2016 Tr.) at 23:18-21 ("I do this to address the plaintiffs' concern that we shouldn't draw the sample before the opt-in period closes, but this approach would allow up to 20 percent of the sample to consist of these later opt-ins.").

Moreover, the purpose of the Subpoena is to obtain contact information to allow Plaintiffs to send notice of this lawsuit to AMs and give AMs an opportunity to join it to stop the statutes of limitations from running on their claims.

### V.   Sub Shop's Confidentiality Objection.

If the Court grants Plaintiffs' Motion, Plaintiffs agree that Sub Shop may produce AM contact information to the claims administrator only. Sub Shop's confidentiality objection is therefore moot.

### CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Compel Compliance with Subpoena Against Non-Party Sub Shop, Inc., and enter an Order compelling Sub Shop to produce documents responsive to Plaintiffs' Subpoena within five business days to the claims administrator, Epiq Systems, Inc.

Dated: July 29, 2016
New York, New York

Respectfully submitted,

*/s/ Justin M. Swartz*
Justin M. Swartz

Co-Lead Counsel for Plaintiffs, the Collective, and the Putative Class

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (admitted *pro hac vice*)
Michael N. Litrownik (admitted *pro hac vice)*
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Alan Quiles (admitted *pro hac vice*)
1515 S. Federal Highway
Boca Raton, FL 33432
Telephone: (561) 447-8888

**SHAVITZ LAW GROUP, P.A.**
Michael J. Palitz (admitted *pro hac vice*)
830 3rd Avenue, 5th Floor
New York, NY 10022
Telephone: (800) 616-4000

**KLAFTER OLSEN & LESSER LLP**
Seth R. Lesser (admitted *pro hac vice*)
Fran L. Rudich (admitted *pro hac vice*)
Jason Conway (admitted *pro hac vice*)
Christopher M. Timmel (admitted *pro hac vice*)
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200

**FOOTE, MIELKE, CHAVEZ & O'NIEL, LLC**
Kathleen C. Chavez
Peter L. Currie
10 West State St., Suite #200,
Geneva, IL 60134,
Telephone: (630) 232-7450

-6-

**MYRON M. CHERRY & ASSOCIATES, LLC**
Myron M. Cherry
30 North LaSalle Street, Suite 2300
Chicago, IL 60602
Telephone: (630) 232-7450,

**WERMAN SALAS P.C.**
Douglas M. Werman
Maureen A. Salas
77 West Washington Street, Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008

**LANDSKRONER GRIECO MERRIMAN LLC**
Drew Legando (admitted *pro hac vice*)
Jack Landskroner (admitted *pro hac vice*)
1360 West 9th Street, Suite 200
Cleveland, OH 44113
Telephone: (216) 522-9000

*Attorneys for the Plaintiffs, the Collective, and the Putative Class*

## CERTIFICATION OF SERVICE

      I hereby certify that on July 29, 2016, the above document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                          */s/ Justin M. Swartz*
                          Justin M. Swartz