**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: Jimmy John's Overtime Litigation | Case Nos.  14-CV-5509<br>15-CV-1681<br>15-CV-6010<br><br>Hon. Charles P. Kocoras<br><br>Magistrate Sidney I. Schenkier |

**PLAINTIFFS' MOTION FOR AUTHORIZATION TO SEND A SECOND ROUND
OF NOTICE TO PUTATIVE MEMBERS OF COLLECTIVE**

Plaintiffs Brunner, Whiton, Turowski, and Watson (collectively "Plaintiffs") move the Court for authorization to send a second round of notice to potential members of the putative collective in this action by no later than October 14, 2016. Since May 31, 2016, when initial notice was sent, and aided by this Court's decisions, Plaintiffs and Epiq Systems, Inc. ("Epiq"), the third-party claims administrator in this case, have obtained the contact information for over a thousand additional assistant store managers ("ASMs") employed by Jimmy John's franchises who did not receive the initial notice. These individuals should be given notice of this action and the opportunity to join the case. This Court has discretion to authorize a second round of notice, consistent with FLSA's "broad, remedial purpose," to curtail the continued erosion of ASMs' claims. *See Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70, 174 (1989) (court has "discretionary authority to oversee the notice-giving process"). In support, Plaintiffs state as follows:

1. As the Court is aware, Plaintiffs' ability to obtain the contact information for a significant portion of the putative collective in this case has been challenging, due in large part to Defendants' claims that 1) they do not possess the contact information for ASMs who work or worked at Jimmy John's franchises during the relevant time period, and 2) they cannot direct

franchises to produce that information (*see, e.g.*, ECF No. 197 at 5 (December 17, 2015 Hearing Tr.) (Lesser Decl. Ex. 1)[1]; ECF No. 235 at 30 (January 26, 2016 Hearing Tr.) (Lesser Decl. Ex. 2)).[2]

2. Plaintiffs encountered significant difficulties in ensuring a robust first round of notice. After Plaintiffs initially served close to 300 subpoenas on Jimmy John's franchises seeking ASM contact information, the Court suggested that Defendants use instead what has been dubbed the "Ask Nicely" letter, which Plaintiffs correctly predicted numerous franchises would ignore. On that basis, Plaintiffs made clear to the Court that the initial notice mailing would not reach all putative collective members. *See, e.g.,* ECF No. 246 at 36-37 (February 11, 2016 Hearing Tr.) (Lesser Decl. Ex. 3) (Plaintiffs' counsel noting it was "inevitable" that there will be "more than one notice in this case" because the "likelihood that we are going to get complete compliance from all of the franchisees during this 90-day period [before notice is sent] is, basically, nil.").

3. The Court agreed in February 2016 that a second notice might be necessary, but did not believe the issue was then ripe for a decision: "I am not going to be unreasonable. I am going to give you a shot at getting notice to as many potential members of the group as is reasonably able to get to…And if it requires a second notice[,]….I will see what the circumstances are at the time…We will leave tomorrow's business for tomorrow." *Id.* at 37 (Lesser Decl. Ex. 3).

4. Plaintiffs estimate that Epiq issued the first round of notice on May 31, 2016 to only approximately 20-33% of the putative collective. ECF No. 337 at 35-36 (July 18, 2016 Hearing Tr.) (Lesser Decl. Ex. 4).

---

[1] "Lesser Decl." refers to the Declaration of Seth R. Lesser, filed concurrently herewith.
[2] Unless otherwise indicated, ECF numbers cited in this Motion refer to the *Brunner* docket, Case No. 14-cv-5509.

2

5. Once it was apparent that the "Ask Nicely" letter did not have the desired impact, and negotiations with third-party franchise counsel to produce class lists reached impasse, on June 17, 2016, Plaintiffs filed a bellwether motion to compel against Sub-Shop, Inc. (ECF No. 289), a franchisee to whom Plaintiffs originally issued a subpoena on December 28, 2015 (and also a recipient of the "Ask Nicely" letter), but who had not provided contact information. At the hearing on July 18, 2016, Magistrate Judge Schenkier set a briefing schedule on the Sub-Shop, Inc. motion, to be joined with two similar motions filed by Plaintiffs against franchisees Kidds Restaurant, Inc. and CanDo Enterprises, Inc. ECF No. 337 at 47-52 (Lesser Decl. Ex. 4).

6. Also at the July 18, 2016 hearing, Magistrate Judge Schenkier suggested he was agreeable to Plaintiffs' request that there be a second round of notice. When discussing the possibility of entering a toll on behalf of putative collective members who had not received notice, Magistrate Judge Schenkier stated that "[plaintiffs] are going to get other information that will allow [them] to give notice. And for those people, they will opt-in or they won't. And, for them, [tolling] won't be an issue." *Id.* at 41 (Lesser Decl. Ex. 4).

7. On August 2, 2016, Magistrate Judge Schenkier granted Plaintiffs' motion to compel compliance with the subpoena served on Sub-Shop, Inc. (ECF No. 354) (Lesser Decl. Ex. 5). In ordering Sub-Shop, Inc. to produce the contact information for its ASMs during the relevant time period, Magistrate Judge Schenkier repeatedly referenced the importance of ensuring the most complete possible notice to the putative collective:

- the subpoena was not overbroad because it only sought "the information necessary to identify the ASMs who worked for respondents during the class period so that they can provide them with the opt-in notice that the district court has authorized." *Id.* at 2.

- the information sought is plainly relevant, as it will provide "the information needed to more broadly disseminate the opt-in notice that the district judge has authorized." *Id.* at 3

- requiring franchisee to provide "the information necessary to give notice enables those persons who wish to join the suit [the opportunity] to do so and

3

thus avoid the argument that their claims are barred by the statute of limitations." *Id.* at 3

- "Plaintiffs' request for the contact information is proper, given the district judge's approval of the issuance of opt-in notice to the ASMs who worked for franchisees during the relevant period." *Id*. at 4.

8. Following the decision, Plaintiffs in August and September 2016 again sent out hundreds of subpoenas to franchisees, seeking sufficient ASM contact information to provide notice. As a result of compliance with these recent subpoenas, as well as through enforcement of earlier-issued subpoenas, Plaintiffs and Epiq have received contact information for over a thousand putative collective members who did not receive the initial notice and continue to receive more.

9. The time is now ripe for the Court to authorize a second round of notice. With this Court and Magistrate Judge Schenkier's guidance, Plaintiffs have expended significant amounts of effort and time preparing and serving hundreds of document subpoenas, negotiating with numerous third-party franchise counsel, and litigating a motion to compel to obtain the names of putative collective members who did not receive the initial notice. Notice should promptly issue to these ASMs in order to allow them to preserve their claims and to ensure that as many members of the collective receive notice as is possible. *See Austin v. CUNA Mut. Ins. Soc.*, 232 F.R.D. 601, 605 (W.D. Wis. 2006) (notice will curtail the continued erosion of ASMs' claims and is particularly important to the FLSA's "broad, remedial purpose").

10. Plaintiffs propose that a second round of notice be issued no later than October 14, 2016. Plaintiffs also propose the period run for six weeks, until November 25, 2016, rather than 90 days, to ensure that the period does not extend past the close of the joint-employer discovery deadline. ECF No. 331.

11. By email dated September 15, 2016, counsel for Plaintiffs asked counsel for Defendants whether they would consent to the issuance of a second round of notice. Defendants

indicated during a meet and confer held on September 21, 2016 that Plaintiffs should prepare a stipulation for Defendants to review regarding a second round of notice and Defendants would review it. *See* Transcript of September 21, 2016 Meet and Confer (Lesser Decl. Ex. 6). Plaintiffs then prepared a stipulation for Defendants to review which included the additional compromise that the proposed second round of notice would be the final notice issued, and that Plaintiffs would not seek leave from the Court to issue any additional notice. In a reply dated September 28, 2016, counsel for Defendants refused to consent to an additional round of notice being sent.

WHERFORE, Plaintiffs seek an order authorizing that a second round of notice be issued, sent to those identified putative collective members who did not receive the initial notice, that such second round of notice will be issued no later than October 14, 2016, and that it will have a notice period that runs until November 25, 2016.

Dated: Rye Brook, New York
       September 29, 2016        By: /s/ Seth R. Lesser
                                             Seth R. Lesser

*Co-Lead Counsel for Plaintiffs, the Collective, and the Putative Class*

**KLAFTER OLSEN & LESSER LLP**
Seth R. Lesser (admitted *pro hac vice*)
Fran L. Rudich (admitted *pro hac vice*)
Jason Conway (admitted *pro hac vice*)
Christopher M. Timmel (admitted *pro hac vice*)
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Michael N. Litrownik (admitted *pro hac vice*)
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

**FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC**
Kathleen C. Chavez
Peter L. Currie

5

10 West State St., Suite #200,
Geneva, IL 60134,
Tel: (630) 232-7450

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Alan Quiles (admitted *pro hac vice*)
1515 S. Federal Highway
Boca Raton, FL 33432
Telephone: (561) 447-8888

**MYRON M. CHERRY & ASSOCIATES, LLC**
Myron M. Cherry
30 North LaSalle Street, Suite 2300
Chicago, IL 60602
Tel: (312) 372-2100

**WERMAN SALAS P.C.**
Douglas M. Werman
Maureen A. Salas
77 West Washington Street, Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008

**LANDSKRONER GRIECO MERRIMAN LLC**
Drew Legando (admitted *pro hac vice*)
Jack Landskroner (admitted *pro hac vice*)
1360 West 9th Street, Suite 200
Cleveland, OH 44113
Telephone: (216) 522-9000

*Attorneys for the Plaintiffs, the Collective,
and the Putative Class*

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 29th day of September, 2016, I electronically filed the foregoing Motion for Authorization to Send a Second Round of Notice to Putative Members of the Collective with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, including the following:

>Gerald L. Maatman, Jr.
>Matthew J. Gagnon
>Peter Wozniak
>Jason J. Englund
>Christopher M. Cascino
>SEYFARTH SHAW LLP
>131 S. Dearborn Street, Suite 2400
>Chicago, Illinois 60603-5577
>Telephone: (312) 460-5000
>Facsimile: (312) 460-7000
>
>Matthew Disbrow
>Honigman Miller Schwartz and Cohn LLP
>2290 First National Building
>Detroit, MI 48226
>Telephone: (313) 465-7372

                                                 s/ Myra Monteagudo
                                                 Myra Monteagudo