**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: Jimmy John's Overtime Litigation | Case Nos. 14-CV-5509<br>15-CV-1681<br>15-CV-6010<br><br>Hon. Charles P. Kocoras<br><br>Hon. Sidney I. Schenkier |

### **PLAINTIFFS' MOTION TO STRIKE JIMMY JOHN'S CHARTS**

Plaintiffs respectfully request that the Court strike two charts of argument that Jimmy John's improperly submitted with its Reply Brief in Support of its Partial Motion for Summary Judgment on the Issue of Joint-Employer Status, ECF No. 589. The two charts include a 33-page purported "Chart of Plaintiffs' Factual Inaccuracies," and a 13-page purported "Chart of Discrepancies Between Opt-In Plaintiffs' Deposition Testimony and Opt-In Plaintiffs' Declarations," attached to the Maatman Declaration, respectively, as Exhibit 151, ECF No. 591-5, and Exhibit 152, ECF No. 591-6. Jimmy John's attempt to game local rules 7.1 and 56.1 and its already-expanded page limits for the summary judgment briefing by including 45 additional pages of argument masquerading as "charts" should be soundly rejected.

### **Background**

1.  The Local Rules of the Northern District of Illinois require a party to obtain prior approval from the Court to file any brief longer than 15 pages. L.R. 7.1.

2.  On May 9, 2017, the Court granted the parties' oral motions to file briefs up to 40 pages in length in support and in opposition to Jimmy John's Partial Motion for Summary Judgment on the Issue of Joint-Employer Status ("MSJ"), ECF No. 532.

1

3. On May 17, 2017, Jimmy John's filed its MSJ, including a 40-page brief and related documents, ECF Nos. 535-42.

4. On June 30, 2017, Plaintiffs filed their brief in opposition to the MSJ and related documents, ECF Nos. 563-579.

5. On July 31, 2017, Jimmy John's sought leave to file an MSJ reply brief up to 25 pages in length, ECF No. 584, which the Court granted on August 2, 2017, ECF No. 588.

6. On August 10, 2017, Jimmy John's filed its Reply Brief and related documents, ECF No. 589-93, including a 33-page purported "Chart of Plaintiffs' Factual Inaccuracies," ECF Nos. 591-5, and a 13-page purported "Chart of Discrepancies Between Opt-In Plaintiffs' Deposition Testimony and Opt-In Plaintiffs' Declarations," ECF No. 591-6.

**Argument**

7. The Seventh Circuit takes seriously the enforcement of page limits on parties. *Watts v. Thompson*, 116 F.3d 220, 224 (7th Cir. 1997) ("Enforcing page limits and other restrictions on litigants is rather ordinary practice, which is rather strictly, and cheerfully, enforced."). Page limitations are "designed as much for the benefit of the litigants as for the benefit of the court. If extra pages mean stronger argument, enforcement of the page limit protects those who obey the rules. But extra pages may not be stronger argument. A limitation induces the advocate to write tight prose, which helps his client's cause." *Morgan v. South Bend Community School Corp.*, 797 F.2d 471, 480–481 (7th Cir. 1986)

8. Jimmy John's "charts" are argument—not evidence—whose proper place is in the Reply Brief. Jimmy John's submitted the charts in flagrant disregard of its already-expanded page limit in order to gain an improper advantage over Plaintiffs, who did not evade their opposition brief page limit. This evasion begins on the very first page of the so-called

"Discrepancies Chart," where, on the second row, Jimmy John's contrasts Opt-in Plaintiff Benson's declaration that the Operations Manual dictates the work to be done in the store with his deposition testimony, where he testified that the manager on duty assigns who actually does the work dictated by the punch lists in the Operations Manual. ECF No. 591-6 at 2. Not only is there no discrepancy, but this is pure argument over the proper interpretation of deposition testimony. While this motion could be expanded to include scores of such examples, it is clear that Jimmy John's purported charts are entirely two long arguments about the evidence.

9. Courts routinely reject parties' attempts to use appendices, supplementary materials, or other documents to "brazen[ly]" attempt to "evade page limits" on briefs. *Varda, Inc. v. Ins. Co. of N. Am.*, 45 F.3d 634, 640 (2d Cir. 1995). *See also Miller UK Ltd. v. Caterpillar, Inc.*, 292 F.R.D. 590, 591-92 (N.D. Ill. 2014) (rejecting attempt by party to incorporate material by reference into a brief: "Indeed, case after case in varying contexts have disapproved stratagems to avoid page limitations") (citing *THI of New Mexico at Valle Norte, LLC v. Harvey*, 527 Fed. Appx. 665, 671–72, 2013 WL 2435349, *6 (10th Cir. 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 2576136, *4 (N.D. Cal. 2012); *Swanson v. U.S. Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996)); *see also Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 150 (4th Cir. 2009) (affirming order striking portion of brief that exceeded page limit); *Evans v. Fla. Transp. Servs., Inc.*, No. 08 Civ. 120, 2008 WL 4965326, at *1 (M.D. Fla. Nov. 20, 2008) (striking motion that did not comply with page limits and requiring defendant to refile a compliant motion); *Sender v. Mann*, No. 01 Civ. 2315, 2005 WL 3434737, at *1-2 (D. Colo. Dec. 14, 2005) (striking motions where defendant technically complied with the page limits the court set for motions, but violated the "intent" of the court's order by filing multiple motions that, counted together, amounted to an "unacceptable length").

Jimmy John's gains an unfair advantage by relying on 45 pages that belong in its Reply Brief when Plaintiffs did not have the same opportunity.

10. Jimmy John's purported "charts" also underscore the significant factual disputes between the parties over the nature and meaning of the joint-employment evidence, including, most importantly, the nature of Business Coaches' instructions or orders to franchise employees. For the most part, Jimmy John's simply contends that it can point to alternative facts in the record—most often from the very same deposition, all of which simply illustrates the vigorous disputes over the evidence. For example, at page 4 of the "Inaccuracies Chart," Jimmy John's contends that Plaintiffs are wrong that "Business Coaches participate in the decision-making process to terminate individual franchise employees" by arguing that Plaintiffs have mischaracterized the underlying record evidence, which is not the case but rather that Jimmy John's likes other testimony. ECF No. 591-5 at 4. Another example: on pages 15-16 of the same chart, Jimmy John's argues that Plaintiffs have mischaracterized the deposition testimony underpinning Plaintiffs' assertion that "Business Coaches also provided instruction to franchisees regarding store staffing levels and delivery efficiency." *Id.* at 15-16. Jimmy John's argues that Opt-in Plaintiff "Sullivan did not testify that Business Coaches 'provide instruction' regarding staffing levels and delivery efficiency … [but rather that] a Business Coach would 'say, hey, you might want to send home a driver or something like that' and agreed that Business Coaches 'would suggest' adjustments to staffing levels." *Id.* This is pure argument—illustrating genuine factual disputes— that belongs in the Reply Brief. *See also, e.g., id.* at 6 (factual dispute about Business Coaches' role in firing employees); *id.* at 9 (factual dispute about DOL directives); *id.* at 21 (factual dispute about Business Coaches' instructions regarding hiring additional staff).

11. For these reasons, Jimmy John's so-called "charts," ECF Nos. 591-5 and 591-6, should be stricken from the record.

Dated: August 28, 2017
New York, New York

Respectfully submitted,

*/s/ Justin M. Swartz*
Justin M. Swartz

Co-Lead Counsel for Plaintiffs

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Michael N. Litrownik (admitted pro hac vice)
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000

Paul W. Mollica
161 N. Clark Street, Suite 1600
Chicago, IL 60601
Telephone: (312) 809-7010

**KLAFTER OLSEN & LESSER LLP**
Seth R. Lesser (admitted pro hac vice)
Fran L. Rudich (admitted pro hac vice)
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200

**FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC**
Kathleen C. Chavez
Peter L. Currie
10 West State St., Suite #200
Geneva, IL 60134,
Telephone: (630) 232-7450

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted pro hac vice)
Alan Quiles (admitted pro hac vice)
1515 S. Federal Highway
Boca Raton, FL 33432
Telephone: (561) 447-8888

**MYRON M. CHERRY & ASSOCIATES, LLC**
Myron M. Cherry
30 North LaSalle Street, Suite 2300

Chicago, IL 60602
Telephone: (630) 232-7450

**WERMAN SALAS P.C.**
Douglas M. Werman
Maureen A. Salas
77 West Washington Street, Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008

**LANDSKRONER GRIECO MERRIMAN LLC**
Drew Legando (admitted pro hac vice)
Jack Landskroner (admitted pro hac vice)
1360 West 9th Street, Suite 200
Cleveland, OH 44113
Telephone: (216) 522-9000

*Attorneys for Plaintiffs, the Collective, and the Putative Class*

## CERTIFICATION OF SERVICE

       I hereby certify that on August 28, 2017, the above document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                */s/ Justin M. Swartz*
                                                                Justin M. Swartz