IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>Jimmy John's Overtime Litigation | Case Nos. 14-CV-5509, 15-CV-1681 & 15-CV-6010<br><br>Honorable Charles P. Kocoras<br><br>Magistrate Sidney I. Schenkier |

**JIMMY JOHN'S OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE JIMMY JOHN'S CHARTS**

Defendants Jimmy John's LLC, Jimmy John's Enterprises, LLC, and Jimmy John's Franchise, LLC (collectively, "Jimmy John's"), through their undersigned counsel, submit this Opposition to Plaintiffs' Motion To Strike Jimmy John's Charts ("Motion To Strike") (ECF No. 599). Plaintiffs' Motion to Strike is without basis, and should be denied for the following reasons:

1. As Jimmy John's explained in its Reply In Support Of Its Motion For Partial Summary Judgment On The Issue Of Joint-Employer Status ("Reply"), ECF No. 589, Plaintiffs, in their Opposition to Jimmy John's Motion for Partial Summary Judgment on the Issue of Joint-Employer Status ("Opposition"), "take startling liberties with . . . the factual record" and their newly submitted declarations "should be rejected because, in many instances, they contradict the declarant's deposition testimony . . . ." (ECF No. 589 at 2, 5.)

2. Plaintiffs' demonstrable lack of candor regarding the cited evidence imposes an inordinate and wholly inappropriate burden upon the Court to try to parse through the reams of cited evidence, including the belatedly submitted declarations. Moreover, it would have been impossible for Jimmy John's to fully address each misrepresentation in the Reply memorandum

itself, and any attempt to do so would only have prejudiced Jimmy John's efforts to comply with the Court's page limitations. Accordingly, it was entirely appropriate for Jimmy John's to submit two summary charts in support of its Reply to facilitate the Court's review and analysis of this voluminous evidence consistent with Fed. R. Evid. 1006. Exhibit 151 summarizes the evidence Plaintiffs cite along with other evidence that shows why that citation was inaccurate or misleading.[1] Exhibit 152 summarizes the deposition testimony of Opt-In Plaintiffs that contradicts the unsanctioned and belated declarations submitted in support of Plaintiffs' Opposition.[2]

3. Contrary to Plaintiffs' argument, Jimmy John's submitted the summary charts not "to gain an improper advantage over Plaintiffs," (*see* Mot. to Strike ¶ 8) – as if there could ever be anything "improper" about identifying factual misstatements that had been submitted to the Court – but to save the Court time in sifting through the voluminous record by summarizing the actual contents of the evidence Plaintiffs cited, including quotes from deposition testimony or other evidence that demonstrates how Plaintiffs' citations are misleading or inaccurate, or contrary to other evidence.

4. As Exhibit 151 makes clear, in many instances Plaintiffs' statements about the evidence they cite are demonstrably untrue or are simply not supported by the cited evidence. (*See also, e.g.*, ECF No. 589 at 2, 5-6, 9-14, and 16 n.34.) When this happens, the Court should not be left with the Hobson's choice of accepting as true on their face Plaintiffs' depictions of the evidence or undertaking the massive effort of canvasing the evidence comprising the record

---

[1] (*See* ECF No. 591-5, *filed under seal* ECF No. 598-15, Ex. 151, Jimmy John's Chart of Plaintiffs' Factual Inaccuracies ("Inaccuracies Chart" or "Exhibit 151").)

[2] (*See* ECF No. 591-6, *filed under seal* ECF No. 598-16, Ex. 152, Jimmy John's Chart of Discrepancies Between Opt-In Plaintiffs' Deposition Testimony and Opt-In Plaintiffs' Declarations Submitted in Support of Plaintiffs' Opposition to Summary Judgment ("Discrepancies Chart" or "Exhibit 152").)

unassisted. Nor should Jimmy John's be expected or required to give short shrift to its compelling and apposite legal arguments in the space of a 25-page Reply brief in order to guide the Court through all of those misstatements and inaccuracies. The Federal Rules of Evidence allow for summary exhibits for just this purpose – because sometimes "[t]he admission of summaries of voluminous books, records, or documents offers the only practicable means of making their contents available to judge and jury." Fed. R. Evid. 1006 advisory committee's note.

5. Plaintiffs' Motion to Strike misconstrues the nature of Jimmy John's summary exhibits. Those exhibits do not dispute the truth or accuracy of what the evidence itself is. Rather, they are directed at correcting Plaintiffs' false and misleading *characterizations* of the evidence. For example, Plaintiffs claim:

> [A]t page 4 of the "Inaccuracies Chart," Jimmy John's contends that Plaintiffs are wrong that "Business Coaches participate in the decision-making process to terminate individual franchise employees" by arguing that Plaintiffs have mischaracterized the underlying record evidence, which is not the case but rather that Jimmy John's likes other testimony.

(Mot. to Strike ¶ 10.) First, the relevant portion of Exhibit 151 makes no reference to testimony of any kind, let alone "other testimony" that "Jimmy John's likes." Second, in Exhibit 151 Jimmy John's is not "contend[ing] that Plaintiffs are wrong" about any conclusion to be drawn from the evidence (though Plaintiffs are indeed wrong), but rather simply pointing out that Plaintiffs misrepresented the evidence cited. For example, in support of their argument that "Business Coaches participate in the decision-making process to terminate individual franchise employees," Plaintiffs quoted from an email (Pl. Ex. 55) that they described as sent "to franchise staff members *and business coach J. Gherardini*." (Pls.' Resp. to SOF 32 (emphasis added).) However, as revealed in Exhibit 151, "business coach J. Gherardini" was not copied on the email from which Plaintiffs quote.

6. Plaintiffs likewise claim that Exhibit 151 contains "pure argument," to the extent that it points out that Plaintiffs mischaracterized the deposition testimony underpinning another of Plaintiffs' assertions: that "Business Coaches also provided *instruction* to franchisees regarding store staffing levels and delivery efficiency." (Mot. to Strike ¶ 10 (emphasis added).) Exhibit 151 simply illustrates that the referenced witness actually testified that Jimmy John's Business Coaches made suggestions to him, rather than, as Plaintiffs contended, instructed him to do anything. Plaintiffs should not be allowed to misrepresent the content of deposition testimony (or any other evidence) with impunity. The Court will draw whatever conclusion it chooses, but it should not be left with a false impression concerning the actual testimony given by the witness.

7. Exhibit 151 does not contain "argument" about the conclusions to be drawn from the evidence, it merely contains summaries of the evidence that Plaintiffs cite juxtaposed against Plaintiffs' characterization of that evidence. Exhibit 151, therefore, does not, as Plaintiffs argue, "underscore the significant factual disputes between the parties . . . ." (Mot. to Strike ¶ 10.) The only disputes it addresses are those that exist between the actual evidence and Plaintiffs' fabricated recitation of that evidence. The Court will ultimately agree or disagree with Plaintiffs' characterizations of the evidence, and all that Exhibit 151 is intended to do is assist the Court in assimilating the voluminous record so it can render fully informed factual determinations. Thus, Exhibit 151 is a simple fact checking exercise, an endeavor Plaintiffs hope the Court will never conduct, and which their Motion to Strike is designed to forestall.

8. So too with regard to Exhibit 152. Plaintiffs argue that "Jimmy John's contrasts Opt-in Plaintiff Benson's declaration that the Operations Manual dictates the work to be done in the store with his [sic] deposition testimony, where he [sic] testified that the manager on duty

assigns who actually does the work dictated by the punch lists in the Operations Manual." (Mot. to Strike ¶ 8.) Plaintiffs argue that Ms. Benson's declaration is somehow consistent with her deposition testimony (which it is plainly not), but to no effect, because Exhibit 152 merely summarizes this and the many other inconsistencies between Plaintiffs' declarations and their deposition testimony. Those inconsistencies, which would otherwise be buried almost beyond recognition within a voluminous factual record, are presented to the Court as a summary exhibit so the Court can decide for itself the weight to assign to Plaintiffs' belated and unauthorized declarations.

9. Plaintiffs' Motion to Strike asks the Court to make its evaluation of the summary charts submitted with Jimmy John's Reply a question of admissibility, rather than one of what weight the Court should assign to the exhibits. On a subject as critical as the factual accuracy of the statements and representations that Plaintiffs have made to the Court, the Court should consider every argument and piece of evidence submitted. To be sure, the Court should give that argument and evidence its appropriate weight, but it should reject Plaintiffs' attempts to prevent a discussion of its factual misstatements from even being considered.

10. The case law Plaintiffs cite in support of their Motion to Strike is inapposite because none deals with the present situation – the propriety of summary charts that summarize a party's misrepresentations of the evidence. For example, *Miller UK Ltd. v. Caterpillar, Inc.*, 292 F.R.D. 590, 591-92 (N.D. Ill. 2014), *see* Mot. to Strike ¶ 9, concerned the totally distinct question of whether a party waived a relevance argument by incorporating by reference a Local Rule 37.2 report. *Miller UK Ltd.*, 292 F.R.D. at 592. *Watts v. Thompson*, 116 F.3d 220, 224 (7th Cir. 1997) and *Morgan v. South Bend Community School Corp.*, 797 F.2d 471, 480–481 (7th Cir. 1986), *see* Mot. to Strike ¶ 7, are equally inapplicable. In relevant part, *Watts* concerned whether

it was a due process violation for the Wisconsin Supreme Court to refuse to waive its 50-page limit for briefs. *Watts*, 116 F.3d at 224. *Morgan* simply noted that the Seventh Circuit's then-applicable 50-page limit for appellate briefs included the "*total* pages after the table of contents, not just pages with Arabic numerals." *Morgan*, 797 F.2d at 480 (emphasis in original). None of these cases dealt with the use or propriety of summary exhibits, the issue posed here. Nor do any of the other cited cases, all of which are from other Circuits. *See* Mot. to Strike ¶ 9 (*Swanson v. U.S. Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996) (rejecting attempt to incorporate by reference other material); *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 150 (4th Cir. 2009) (affirming order striking two pages of over-long brief); *Varda, Inc. v. Ins. Co. of N. Am.*, 45 F.3d 634, 640 (2d Cir. 1995) (criticizing use of footnotes to avoid page limits); *Apple, Inc. v. Samsung Electronics Co. Ltd.*, No. 12-CV-00630-LHK, 2012 WL 2576136, at *4 (N.D. Cal. July 3, 2012) (criticizing argumentative expert declarations submitted to circumvent page limits); *Evans v. Fla. Transp. Servs., Inc.*, No. 08 Civ. 120, 2008 WL 4965326, at *1 (M.D. Fla. Nov. 20, 2008) (striking over-long brief); *Sender v. Mann*, No. 01 Civ. 2315, 2005 WL 3434737, at *1-2 (D. Colo. Dec. 14, 2005) (striking over-long brief).)

WHEREFORE, Jimmy John's respectfully requests that the Court enter an Order denying Plaintiffs' Motion to Strike.

**DATED: August 30, 2017**                    Respectfully submitted,

                                                  JIMMY JOHN'S LLC
                                                JIMMY JOHN'S ENTERPRISES, LLC
                                                JIMMY JOHN'S FRANCHISE, LLC

                                                By:/s/ Gerald L. Maatman, Jr.
                                                     One of Their Attorneys

Gerald L. Maatman, Jr.
Matthew J. Gagnon
Peter J. Wozniak
Thomas E. Ahlering
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of August, 2017, I electronically filed the foregoing **JIMMY JOHN'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE JIMMY JOHN'S CHARTS** with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Gerald L. Maatman, Jr.
Gerald L. Maatman, Jr.