IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMILY BRUNNER and CAITLIN TUROWSKI, individually and on behalf of all persons similarly situated, as Class/Collective representatives, <br><br> Plaintiffs, <br><br> v. <br><br> JS FORT GROUP, INC., JJ SEVERSON AFFILIATES FIVE, INC., JJ SEVERSON AFFILIATES, INC., JEFFREY S. FORT, TODD SEVERSON, and BROOKE SEVERSON, <br><br> Defendants. | Case No. 1:14-cv-05509 <br><br> Honorable Charles P. Kocoras <br> Magistrate Judge Sidney Schenkier |

**JOINT MOTION FOR FLSA SETTLEMENT APPROVAL AND INCORPORATED BRIEF IN SUPPORT THEREOF**

Plaintiffs, individually and on behalf of all other similarly situated, by and through their undersigned counsel of record, and Defendants, JS FORT GROUP, INC., JEFFREY S. FORT (collectively the "Fort Defendants"), JJ SEVERSON AFFILIATES FIVE, INC., JJ SEVERSON AFFILIATES, INC., TODD SEVERSON, and BROOKE SEVERSON (collectively the "Severson Defendants," and together with the Fort Defendants collectively referred to hereinafter as the "Franchisee Defendants"), by and through their undersigned counsel of record, hereby move this Honorable Court to grant their Joint Motion for Approval of FLSA Settlements, and in support of same, the parties state as follows:

1

33834151.1

**INTRODUCTION AND STATEMENT OF FACTS**

On July 18, 2014, Plaintiff Emily Brunner filed a Complaint alleging various state and federal wage violations against her former employer, JS Fort Group, Inc. and various other persons and entities, on behalf of herself and all others similarly situated. (ECF Dkt. #1). Thereafter, the pleadings were amended to include Plaintiff Caitlyn Turowski, a former employee of JJ Severson Affiliates, Inc., as well as all of the Franchisee Defendants and the Corporate Defendants.[1] On or around August 10, 2015, after several months of motion practice and the consolidation of related cases, Plaintiffs filed their 29 U.S.C. § 216(b) Motion for Notice to Putative Collective Members. (ECF Dkt. #161). On December 11, 2015, this Court granted Plaintiffs' 29 U.S.C. § 216(b) Motion for Notice to Putative Collective Members, and notice of the collective action against corporate defendants was issued to the putative collective members. (ECF Dkt. #192). On January 26, 2016, this Court entered an Order staying claims against the Franchisee Defendants. (ECF Dkt. #233). The claims asserted against the Franchisee Defendants remained stayed while the parties litigated the "joint employer" issue against the Corporate Defendants. On June 14, 2018, the Court ruled on Defendant's Motion for Summary Judgement, (ECF Dkt. #621), which effectively lifted the "stay of proceedings" entered by this Court on January 26, 2016. On or around April 2, 2019, Plaintiffs filed a Motion to Approve 29 U.S.C. 216(b) Notice and Consent Form regarding FLSA claims against the Franchisee Defendants. (ECF Dkt. #663). On May 22, 2019, this Court entered an Order granting Plaintiffs' Motion and requiring Notice be sent to form salaried assistant managers ("ASMs") who worked for any of the Franchisee Defendants. (ECF Dkt. #673). Notice

---

[1] The term "Corporate Defendants" means and includes Jimmy John's Enterprises, Inc., Jimmy John's Franchise LLC, and Jimmy John's LLC.

was sent and a total of 16[2] plaintiffs, inclusive of the named plaintiffs, opted-in the case against the Franchisee Defendants (i.e., 11 asserting claims against Fort Defendants and 5 asserting claims against the Severson Defendants).

On January 13, 2020, the representative Plaintiffs and Franchisee Defendants attended a settlement conference with their counsel of record and Magistrate Judge Sidney Schenkier. At the January 13, 2020 settlement conference, the parties were able to reach an agreement in principal to resolve Plaintiffs wage claims. (ECF Dkt. #700). Since the January 13, 2020 settlement conference, the parties have finalized and executed written settlements agreement for the Franchisee Defendants. As such, the parties respectfully request that this Honorable Court grant the parties joint motion for approval of FLSA settlement.

## ARGUMENT

### I.  STANDARD OF REVIEW FOR APPROVAL OF FLSA SETTLEMENT

Court approval of FLSA settlements—consistent with the Eleventh Circuit's holding in *Lynn's Food Stores*—is the norm across most circuits, including the Seventh. *Adams v. Walgreen Co.*, No. 14-CV-1208-JPS, 2015 WL 4067752 (E.D. Wis. July 2, 2015), *See also, Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350 (11th Cir. 1982). Stipulated settlements in a Fair Labor Standards Act (FLSA) case must be approved by the court. *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990 (N.D. Ind. 2010). To determine fairness of a settlement under Fair Labor Standards Act (FLSA), court must consider whether the agreement reflects a reasonable compromise of

---

[2] A total of twelve (12) individuals, including named Plaintiff Emily Brunner, opted-into the Fort Group case. The parties were able to discern that one of the Opt-Ins that filed a timely consent form, did not work for Fort Group during the relevant time period, and has therefore been excluded from this settlement.

3

disputed issues rather than mere waiver of statutory rights brought about by an employer's overreaching. *Id*. When reviewing an FLSA collective action settlement, a court normally considers the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation. *Id*. at 995. In determining whether to approve a settlement, a court must consider whether it is fair, just and reasonable.

This highly complex, multi-faceted case has been hotly litigated from July 2014 through the present. Ultimately, a total of 11 individuals, including named Plaintiff Brunner, opted into the "Fort Group" collective, and 5 individuals, including named Plaintiffs Turowski and Whiton, opted into the "Severson Group" collective. Thereafter, the parties exchanged relevant documents to assist in settlement negotiations. Representative plaintiffs Emily Brunner and Caitlin Turowski attended a settlement conference with Magistrate Judge Schenkier on or around January 13, 2020. Plaintiffs' counsel has notified the opt-in Plaintiffs of the proposed settlement, and to date, there have been no objections.

The parties agree that in an effort to avoid additional costly discovery, motion practice and trial, the Court should approve this stipulated settlement agreement. While the case has been on file with the Court since mid-2014, the parties would be required to engage in substantial merits discovery relating to the Plaintiffs and Franchisee Defendants. The parties have reached this

stipulated settlement after months of negotiations and a court facilitated settlement conference. The parties further agree that the proposed settlement reflects a reasonable compromise of disputed issues. See *Burkholder*, 750 F. Supp. 2d at 990.

## II. THE PROPOSED SETTLEMENTS REPRESENT A REASONABLE COMPROMISE OF DISPUTED CLAIMS

Here, the parties, all were represented by counsel with significant experience in litigating claims under the FLSA misclassification and overtime claims, and have agreed to settle their respective wage claims in accordance with the terms of the respective negotiated settlement agreements. Because the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 1:15-CV-10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016), citing *Lynn's Food Stores*, 679 F.2d at 1354.

In the present matters, there is a *bona fide* dispute as to whether the plaintiffs were properly classified as salaried "exempt" employees while employed by the Franchisee Defendants during the relevant time period. In fact, the proposed settlements are a result of vigorously contested litigation that has been ongoing from July 2014. More specifically, following notice proceedings, the parties engaged in informal discovery to facilitate settlement negotiations. With the assistance of Magistrate Judge Schenkier, the parties were ultimately able to reach the proposed settlements. Further litigation of the claims against the Franchisee Defendants would require the investment of significant additional resources by both Plaintiffs and Franchisee Defendants compared to the amount in dispute. Moreover, because Franchisee Defendants have denied liability with respect

5

33834151.1

1:14-cv-05509 Document #: 708 Filed: 02/14/20 Page 6 of 10 PageID #:18480

to the FLSA claims alleged against them by Plaintiffs, proceeding with litigation would not guarantee a favorable result for either party.

Because there are two separate Franchisee Defendant groups, the parties have executed two separate proposed settlements.[3] The first settlement agreement encompasses the Fort Defendants. The second settlement agreement encompasses the Severson Defendants. During negotiations, the parties contemplated the number of opt-ins in each Franchisee group, the number of work weeks during the relevant time period, the applicable limitations period, the average number of hours of overtime the opt-ins worked per week, and the average rate of pay and overtime rate (all of which were in dispute). Using a pro rata, fluctuating work week distribution methodology, the parties were able to reach negotiated agreements. Of note, because Opt-In Plaintiffs Rade and Brieske's claims substantially fell outside any applicable statute of limitations, the parties agreed to reduced payments to both Rade and Brieske due to the significant obstacles in their ability to successfully pursue any claims.

In addition to the distributions to each opt-in, the parties negotiated service awards in the amount of $5,000.0 to each of the named Plaintiffs: Emily Brunner (Fort Group), Caitlin Turowski (Severson Group) and Alexander Whiton (Severson Group). In examining the reasonableness of a requested service award, courts consider: (1) the actions the plaintiffs have taken to protect the interests of the class, (2) the degree to which the class has benefited from those actions, and (3) the amount of time and effort the plaintiffs expended in pursuing the litigation. *Briggs*, at 2. Here, Plaintiffs contend that this Court should award a $5,000.00 service award to each named Plaintiff

---

[3] The parties have attached each settlement agreement referenced herein as Exhibit A (Fort Settlement Agreement) and Exhibit B (Severson Settlement Agreement).

for representing the collective over the span of nearly six (6) years. Additionally, each of the named Plaintiffs had their deposition taken, provided valuable information and discovery over the course of this litigation, and attended and/or participated in the settlement conference with Magistrate Judge Schenkier.

The proposed settlements represent a reasonable compromise of disputed claims and should therefore be approved by this honorable Court. If approved, this Court will no longer devote its resources to overseeing this portion of the *In re: Jimmy John's Overtime Litigation*. As such, the proposed settlements promote public interest and judicial economy.

### III. THE COURT SHOULD APPROVE AN AWARD OF PLAINTIFFS' ATTORNEYS FEES AND COSTS

Section 216(b) of the FLSA provides that "[t]he court in such action shall, in addition to any judgement awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b). The FLSA mandates that courts award a "reasonable attorney's fee" to prevailing plaintiffs. *See* 29 U.S.C. § 216(b) ("The court in such action shall ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 406 (7th Cir. 1999). A counsel fee of 33.3% of the common fund is comfortably within the range typically charged as a contingency fee by plaintiffs' lawyers in an FLSA collective action. *Burkholder*, 750 F. Supp. 2d at 990.

As explained herein, the parties have reached two separate settlements for the Fort Defendants and the Severson Defendants. As such, Plaintiffs' counsel is seeking fees and costs separately for each Defendant. Plaintiffs settled with the Fort Defendants for $26,250.00. Plaintiffs' counsel is seeking ten thousand seven hundred and ninety six dollars and seventy-nine

7

cents ($10,796.79) in fees and costs related to claims against the Fort Defendants. Notable, lead Plaintiff Brunner belongs to the settlement with the Fort Defendants, and Brunner's Complaint pre-dates the Complaint filed against Severson defendants by approximately one year. Plaintiffs settled with the Severson Defendants for $32,500.00, and Plaintiffs' counsel is seeking eight thousand three hundred and forty-eight dollars and forty-four cents ($8,348.44) in fees and costs related to claims against the Fort Defendants. Plaintiffs' counsels requests for fees and costs in both Franchisee cases equates to approximately a third of each settlement. Plaintiffs' counsel has represented Plaintiffs' in this litigation from its inception in July 2014. Plaintiffs' counsel has expended significant time and resources, which, with respect to both Franchisee Defendant groups, far exceeds the request for fees and costs. This Court should approve the agreed-upon amount of attorneys' fees and costs Franchisee Defendants will pay Plaintiffs' counsel.

## CONCLUSION

WHEREFORE, the parties, by and through their undersigned counsel of record, respectfully request this Honorable Court enter an Order approving the parties Joint Motion for Approval of Settlement Distribution.

Dated:  February 14, 2020                          Respectfully submitted,

                                                        By: */s/ Elizabeth C. Chavez*
                                                          Elizabeth C. Chavez, Esq. (#63223726)
                                                          Kathleen C. Chavez, Esq. (#6255735)
                                                          FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
                                                          10 West State Street, Suite 200
                                                          Geneva, Illinois  60134
                                                          Telephone:  630-232-7450
                                                          Facsimile:   630-232-7452
                                                          Email:  ecc@fmcolaw.com
                                                                      kcc@fmcolaw.com
                                                                      mjh@fmcolaw.com

33834151.1

*Attorneys for Plaintiffs*

By: */s/ Matthew S. Disbrow*
*[Electronically signed with Express Authorization]*
Matthew S. Disbrow, Esq.
Jack Vrett, Esq.
HONIGMAN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: 313-465-7372
Facsimile: 313-465-7373
mdisbrow@honigman.com
jvrett@honigman.com

*Attorneys for the Franchisee Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on <u>February 14, 2020,</u> I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

                                              /s/Elizabeth C. Chavez
                                              Elizabeth Chavez

33834151.1