IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>Jimmy John's Overtime Litigation | Case Nos. 14-CV-5509, 15-CV-1681 & 15-CV-6010<br><br>Honorable Charles P. Kocoras<br><br>Magistrate Heather K. McShain |

**JOINT MOTION FOR
FINAL ORDER OF APPROVAL OF
COLLECTIVE ACTION SETTLEMENT AGREEMENT**

Plaintiffs Lara Bailey, Administrator of the Estate of Emily Brunner (substituted for original plaintiff Emily Brunner), Caitlin Turowski, Alexander Whiton, and Scott Watson (collectively, "Plaintiffs"), and Defendants Jimmy John's LLC, Jimmy John's Enterprises, LLC, and Jimmy John's Franchise, LLC (collectively "the Jimmy John's Defendants," and together with Plaintiffs, the "Parties"), through their respective counsel, jointly move the Court for a final order approving the Parties' settlement.

### I. FACTUAL BACKGROUND

On March 9, 2021, the Court entered an Order finding that the Parties' settlement agreement resolving all claims that the Plaintiffs and Opt-In Plaintiffs who joined this lawsuit brought against the Jimmy John's Defendants, as alleged in the operative complaints in this Litigation,[1] was a fair and reasonable resolution of a bona fide dispute. ECF No. 757. The Court further found that the settlement: (1) is the result of arm's-length negotiations between experienced attorneys familiar with FLSA collective action litigation who have adequately

---

[1] Unless otherwise defined herein, capitalized terms have the same meaning as set forth in the Parties' settlement agreement. ECF No. 748-1.

represented the Collective Action Members; (2) provides adequate relief to the Collective Action Members considering the costs, risks, and delay associated with trial and appeal; and (3) treats Settlement Collective Action Members equitably relative to each other. ECF No. 757, ¶¶ 2-4. In the Joint Memorandum in Support of Preliminary Settlement Approval, in addition to addressing those points, the Parties further detailed why the proposed service awards and attorneys' fees and cost awards were reasonable and justified in this case, and which the Court concluded also justified settlement approval. ECF No. 757, ¶ 3. The Court's approval order expressly found that "preliminary approval of the Settlement Agreement is supported by the terms of the proposed award of attorneys' fees and costs, which is a significant discount of Collective Action Lead Counsel's lodestar." *Id.*; *see also* ECF No. 748, pp. 20-22.

As was also detailed in the Memorandum of Law in Support of the Joint Motion for Approval of Collective Action Settlement Agreement (ECF No. 748, pp. 7-9), in FLSA settlements, unlike Rule 23 class action settlements, there are no absent class members who will be bound to a release of their claims and therefore the due process concerns that exist in the approval of Rule 23 settlements are not present in the approval process of FLSA collective action settlements. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) (collective actions under the FLSA are fundamentally different than class actions raised under Fed. R. Civ. P. 23); *Castillo v. Noodles & Co.*, No. 16-CV-03036, 2016 WL 7451626, at *1 (N.D. Ill. Dec. 23, 2016). As a result, to approve an FLSA collective action settlement, a district court need only engage in a one-step approval process. *Briggs v. PNC Fin. Servs. Group, Inc.*, No. 15-CV-10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016) (St. Eve, J.) (citing *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16-CV-3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016) ("A one-step settlement approval process is appropriate[ ]" in FLSA settlements)).

However, in this case, the Parties included settlement terms that allowed each Collective Action Member the chance to object to the settlement and exclude themselves from the settlement prior to the Litigation being dismissed. ECF No. 748-1, ¶¶ 64-68. The Parties also included a term that after the Notice of Settlement was provided to each Collective Action Member, the Parties would ask the Court to enter a final order of settlement approval. Because the notice program to Collective Action Members was successful, as set out immediately below, the Parties ask that the Court enter a final Order approving the Settlement and dismissing the Litigation.

## II. THE NOTICE PROGRAM WAS SUCCESSFUL

The Parties' notice program included a Notice of Settlement mailed to all Collective Action Members notifying them, among other things, of the claims in the Litigation they previously joined, the Gross Settlement Amount, the Net Settlement Amount available for distribution to Settlement Collective Action Members, the amount requested for Collective Action Lead Counsel's fees and costs, and the Service Award request. The Settlement Administrator sent Collective Action Members their Notices by first-class mail, and the Notice explained the additional avenues available to Collective Action Members to obtain more information about the Settlement. In addition, a website was to be established at which Settlement Action Collective members who were Franchise Opt-ins could take advantage of obtaining a cash payment, in lieu of the three $100 gift cards.

As attested to in the attached Declaration (Exhibit 1 hereto) from Bruce Holman, Senior Project Manager with A.B. Data, Ltd.'s Class Action Administration Company, the Settlement Administrator agreed upon by the parties and approved by the Court, the Notice was properly issued to the 640 Collective Action Members, the settlement website was established, and

Notices were successfully sent to 630 out of the 640 Collective Action Members, or over 98%. Exhibit 1 at ¶ 9. There were 28 requests for cash payments in lieu of gift cards. *Id.* at ¶ 12. There were no requests for exclusion and no objections to any part of the settlement by Collective Action Members. *Id.* at ¶¶ 10-11. In addition, Class Counsel represent that they received no requests for exclusion or objections to the Settlement, nor were any filed on ECF. As a result, the reaction of Collective Action Members to the Settlement supports an Order of final approval.

### III. CONCLUSION

This Court already approved the Parties' Settlement as a fair and reasonable resolution of a bona fide dispute. ECF No. 757; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Because the Notice program confirms that the Settlement is also supported by the Collective Action Members in all respects, the Parties request that the Court enter a final order approving the terms of the settlement, including Class Counsel's attorneys' fees and litigation expenses and the Service Awards to the Named Plaintiffs, and dismissing the Litigation.

DATED:  May 25, 2021                                                  Respectfully submitted,


DEFENDANTS JIMMY JOHN'S LLC, JIMMY                PLAINTIFFS
JOHN'S ENTERPRISES, LLC, AND JIMMY
JOHN'S FRANCHISE, LLC                                                   By their attorneys,

By their attorneys,


/s/ Gerald L. Maatman, Jr.                                                /s/ Seth R. Lesser
    Gerald L. Maatman, Jr.                                          Seth R. Lesser
    Matthew J. Gagnon                                                KLAFTER LESSER LLP
    Seyfarth Shaw LLP                                                Two International Drive, Suite 350
    233 S. Wacker Drive, Suite 8000                          Rye Brook, NY 10573
    Chicago, IL 60606-6448                                          914-934-9200
    Telephone:  (312) 460-5000                                  914-934-9220 (fax)
    Facsimile:  (312) 460-7000

| | |
|---|---|
| *Attorneys For Defendants Jimmy John's LLC, Jimmy John's Enterprises, LLC, and Jimmy John's Franchise, LLC* | slesser@klafterlesser.com<br><br>Kathleen Currie Chavez<br>Kevin Paul Noll<br>Peter Lawrence Currie<br>Robert M. Foote<br>FOOTE, MIELKE, CHAVEZ & O'NIEL, LLC<br>10 West State St., Suite #200<br>Geneva, IL 60134<br><br>*/s/ Justin M. Swartz*<br>Justin M. Swartz<br>Outten & Golden LLP<br>3 Park Avenue, 29th Floor<br>New York, NY 10016<br>T. (212) 245-1000<br>F. (646) 509-2060<br>JMS@outtengolden.com<br>mlitrownik@outtengolden.com<br><br>Alan L. Quiles<br>Gregg I. Shavitz<br>SHAVITZ LAW GROUP, P.A.<br>1515 S. Federal Highway<br>Suite 404<br>Boca Raton, FL 33432<br>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<br>561-447-8831 (fax)<br>aquiles@shavitzlaw.com<br>gshavitz@shavitzlaw.com<br><br>MYRON M. CHERRY & ASSOCIATES, LLC<br>Myron M. Cherry<br>30 North LaSalle Street, Suite 2300<br>Chicago, IL 60602<br>Tel: (630) 232-7450<br><br>Douglas M. Werman<br>Maureen Ann Salas<br>WERMAN SALAS P.C.<br>77 West Washington<br>Suite 1402<br>Chicago, IL 60602 |

5

312-419-1008
312-419-1025 (fax)
dwerman@flsalaw.com
msalas@flsalaw.com

Drew Legando
MERRIMAN LEGAL LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 242-1845
drew@merrimanlegal.com

*Attorneys for the Corporate Opt-In Plaintiffs*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 25th day of May, 2021, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, including the following:

| | |
|---|---|
| Kathleen Currie Chavez<br>Kevin Paul Noll<br>Peter Lawrence Currie<br>Robert M. Foote<br>Foote, Mielke, Chavez & O'Niel, LLC<br>10 West State St., Suite #200<br>Geneva, IL 60134 | Andrew Kopon , Jr.<br>Colette Lynn Kopon<br>Eleonora Paloma Khazanova<br>Kopon Airdo, LLC<br>233 S. Wacker Drive<br>Suite 4450<br>Chicago, IL 60606 |
| Mary-Christine Sungaila<br>Snell & Wilmer LLP<br>600 Anton Blvd., Suite 1400<br>Costa Mesa, CA 92626 | Matthew Scott Disbrow<br>Honigman Miller Schwartz and Cohn LLP<br>2290 First National Building<br>Detroit, MI 48226 |
| Myron Milton Cherry<br>Jacie C. Zolna<br>Myron M. Cherry & Associates<br>30 North LaSalle Street<br>Suite 2300<br>Chicago, IL 60602<br>(312) 372-2100 | Anand C. Mathew<br>Honigman Miller Schwartz and Cohn LLP<br>One South Wacker Dr., 28th Floor<br>Chicago, IL 60606 |
| Drew Legando<br>Jack Landskroner<br>Landskroner Grieco Merriman LLC<br>1360 West 9th Street, Suite 200<br>Cleveland, Ohio 44113<br>T. (216) 522-900<br>F. (216) 522-9007<br>drew@lgmlegal.com<br>jack@lgmlegal.com | Justin M. Swartz<br>Michael N. Litrownik<br>Outten & Golden LLP<br>3 Park Avenue, 29th Floor<br>New York, NY 10016<br>T. (212) 245-1000<br>F. (646) 509-2060<br>JMS@outtengolden.com<br>mlitrownik@outtengolden.com |
| Alan L. Quiles<br>Gregg I. Shavitz<br>Shavitz Law Group, P.A.<br>1515 S. Federal Highway | Seth R. Lesser<br>Fran L. Rudich<br>Klafter Olsen & Lesser LLP<br>Two International Drive, Suite 350 |

7

Suite 404  
Boca Raton, FL 33432  
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  
561-447-8831 (fax)  
aquiles@shavitzlaw.com  
gshavitz@shavitzlaw.com  

Douglas M. Werman  
Maureen A. Salas  
Werman Salas P.C.  
77 West Washington  
Suite 1402  
Chicago, IL 60602  
312-419-1008  
312-419-1025 (fax)  
dwerman@flsalaw.com  
msalas@flsalaw.com  

Rye Brook, NY 10573  
914-934-9200  
914-934-9220 (fax)  
slesser@klafterolsen.com  
fran@klafterolsen.com  

/s/ *Justin M. Swartz*  
Justin M. Swartz .