**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In Re Jimmy John's Overtime Litigation | Case Nos. 14-CV-5509, 15-CV-1681 & 15-CV-6010 |
| | Honorable Charles P. Kocoras |
| | Magistrate Heather K. McShain |

**ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION
SETTLEMENT**

On June 8, 2021, the Court heard an unopposed motion for final approval of a collective

action settlement by Plaintiffs Lara Bailey (substituted for Emily Brunner), Caitlin Turowski,

Alexander Whiton, Scott Watson, and Andrew Rogers (the substituted Named Plaintiff for the

conditionally certified collection action of Corporate Opt-In Plaintiffs) (collectively, the

"Collective Action Representatives"), on behalf of themselves and the Settlement Collective

Action. The Court has reviewed and considered the Unopposed Motion for Final Approval of

Collective Action Settlement, the supporting memorandum of law, and other related materials

submitted by the Collective Action Representatives, has heard the parties' presentation at the

Final Approval Hearing, and is otherwise fully informed with respect to the facts and arguments

supporting final approval:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Unless otherwise defined herein, all terms used in this Order (the "Final Approval

Order") will have the same meaning as defined in the Settlement Agreement. The terms of the

Settlement Agreement are hereby incorporated by reference into this Order.

1

2.      This Court has jurisdiction over the subject matter of this Litigation and over all Parties to this Action pursuant to 28 U.S.C. § 1332(d), including all members of the Settlement Collective Action preliminarily finally certified for settlement purposes only, by Order dated March 9, 2021 (ECF No. 757), whose names appear on Exhibits A and B of the Settlement Agreement.

3.      The Court finds that the Settlement Collective Action defined above satisfies the requirements of 29 U.S.C. § 216(b) for purposes of final certification and settlement of this Litigation. The Court further finally certifies the Settlement Collective Action as a collective action for purposes of settlement of this Litigation.

4.      The Court finds that the Notice provided to the Collective Action Members satisfied the requirements of 29 U.S.C. § 216(b).

5.      The Court hereby finally approves the Settlement Agreement and settlement of the Litigation as fair, reasonable, and adequate, and a fair and reasonable resolution of a *bona fide* dispute among the parties. The Court finds that the strength of the Collective Action Representatives' and Collective Action Members' claims weighed against the Jimmy John's Defendants' defenses and the complexity, length, and expense of trial and potential appeals supports final approval of the Settlement Agreement.

6.      The Court approves Service Awards in the amount of $2,500 to each of the Collective Action Representatives, as set forth in the Settlement Agreement, to be paid for their service to the Collective Action Members, including time spent answering written discovery, producing documents, sitting for a deposition, and otherwise assisting Collective Action Lead Counsel with the prosecution of the Litigation on behalf of the Collective Action Members.

7.     The Court approves Collective Action Lead Counsel's request for attorneys' fees in the amount of $1.1 million, as set forth in the Settlement Agreement.

8.     The Court approves Collective Action Lead Counsel's request for reimbursement of litigation expenses in the amount of $250,000, as set forth in the Settlement Agreement.

9.     The Settlement Administrator shall mail Settlement Payment checks to Corporate Opt-In Settlement Collective Action Members no earlier than thirty-five (35) calendar days following the Effective Date, as that term is defined in the Settlement Agreement, at their last-known addresses. In the event that any Settlement Payment check is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will use reasonable efforts to locate a current address for the Corporate Opt-In Settlement Collective Action Member and, if a current address is found, re-mail the check. If any funds remain in the Corporate Opt-In Fund after such reasonable efforts have been made to locate current addresses for Corporate Opt-In Settlement Collective Action Members, and after all Settlement Payments and employer-side taxes have been paid for each Corporate Opt-In Settlement Collective Action Member for whom a current address is known, such property shall be returned to the Jimmy John's Defendants.

10.     The Settlement Administrator shall mail Settlement Payment Gift Cards to Franchise Opt-In Settlement Collective Action Members beginning no earlier than thirty-five (35) calendar days following the Effective Date, as that term is defined in the Settlement Agreement, at their last-known addresses, and shall continue to do so for a period of one year following the Effective Date as additional addresses are made known to the Settlement Administrator per the terms of the Settlement Agreement. In the event that any Gift Cards are returned to the Settlement Administrator as undeliverable, the Settlement Administrator will use reasonable efforts to locate a current address for the Franchise Opt-In Settlement Collective

Action Member and, if a current address is found, then re-mail the Gift Cards. Within seven (7)

days after the expiration of that one-year period, the Settlement Administrator shall prepare and

send a report to the Parties' counsel that, among other things as stated in the Settlement

Agreement, identifies which of the Franchise Opt-In Settlement Collective Action Members

were mailed Gift Cards. Within seven (7) days following the submission of this report to the

Parties' counsel, the Settlement Administrator shall return all remaining Gift Cards to counsel for

the Jimmy John's Defendants.

      11.     By consent of the Parties, and without affecting the finality of this Order, this

Court hereby retains continuing jurisdiction over the implementation and enforcement of this

Settlement Agreement.

      12.     The Court grants final approval of the Settlement Agreement and all of its terms

and hereby dismisses this Litigation with respect to the Settlement Collective Action Members

with prejudice.

      IT IS SO ORDERED.

DATED: 6/8/2021

_____

The Honorable Charles P. Kocoras
United States District Court Judge